An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF JAMES
ANDRE BOLES, ESQ.

No. 61170

**FILED**

JUN 07 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER OF SUSPENSION

This is an automatic review, pursuant to SCR 105(3)(b), of a Northern Nevada Disciplinary Board hearing panel's findings that attorney James Andre Boles violated two rules of professional conduct on two separate occasions and its recommendation that he be suspended from the practice of law for two years, subject to conditions.

The underlying facts in this matter provide that Boles represented two clients in two different matters. During his representation of these two clients, he was affected by a medical condition, which caused him to self-impose an indefinite medical leave. Prior to and during this time, these clients made numerous attempts to contact Boles regarding the status of their pending cases. However, Boles failed to adequately communicate with them regarding the status of their cases, did not personally inform them that he was on indefinite medical leave, and failed to propel their pending matters forward.

The clients submitted grievances to the state bar, which filed a formal complaint against Boles. Following a disciplinary hearing, the panel found that Boles violated RPC 1.3 (diligence) and RPC 1.4 (communication).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-16728

The panel recommended that Boles be suspended from the practice of law for two years, with the conditions that Boles be (1) required to retake the Multistate Professional Responsibility Examination (MPRE) and attorney ethics portion of the Nevada Bar Examination prior to applying for reinstatement; (2) required to pay for the costs associated with the disciplinary proceeding pursuant to SCR 120; (3) within three days of the effective date of an order of suspension, required to demonstrate to bar counsel that he has notified all of his clients of his suspension; and (4) within fifteen days of an order of suspension, place all of his Nevada clients with other counsel, conclude representation, or, with the assistance of bar counsel, attempt to expeditiously aid any remaining clients in finding new counsel.

The findings and recommendations of a disciplinary board hearing panel are persuasive; however, our automatic review of a panel decision recommending a suspension is conducted de novo, requiring the exercise of independent judgment by this court. SCR 105(3)(b); *In re Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992).

Having reviewed the briefs filed in this matter and the record of the disciplinary proceedings, we conclude that clear and convincing evidence supports the findings that Boles violated RPC 1.3 (diligence) and RPC 1.4 (communication). SCR 105(2)(e). We approve the panel's recommendation that Boles be suspended subject to conditions. However, we determine that a suspension of one year is appropriately tailored to the violations here. We therefore reject the recommended suspension term of two years and instead direct that Boles be suspended for one year.

Accordingly, Boles is hereby suspended from the practice of law for one year, subject to the conditions set forth above. Boles shall pay

the costs of the disciplinary proceedings within 30 days of receipt of the Nevada State Bar's bill of costs. *See* SCR 120. Boles and the state bar shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc: Thomas Susich, Chair, Southern Nevada Disciplinary Panel
David Clark, Bar Counsel
James Andre Boles, Esq.
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court