An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF DON SHREVE, JR., BAR NO. 4382.

No. 59634

IN THE MATTER OF DISCIPLINE OF DON SHREVE, JR., BAR NO. 4382.

No. 65321

FILED

JUL 0 7 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendations for attorney discipline deriving from two state bar complaints. SCR 105(3)(b). The panel recommended that Don Shreve, Jr. be suspended from the practice of law for a term of five years with conditions precedent to a petition for reinstatement. We approve.

We previously considered part of this matter when we temporarily suspended Shreve pending the resolution of the underlying disciplinary proceedings against him and remanded the matter for the panel to consider additional evidence and argument. *In re: Discipline of Shreve*, Docket No. 59634 (Order of Temporary Suspension, October 10, 2013); *In re: Discipline of Shreve*, Docket No. 59634 (Order of Remand, July 22, 2013).

Pursuant to our order, the panel conducted a formal hearing on January 30, 2014, to consider mitigating evidence in State Bar

SUPREME COURT
OF
NEVADA

(O) 1947A

14-21942

Complaint No. 10-071-1375 and all evidence in State Bar Complaint No. SG12-0672. The record of the hearing demonstrates that Shreve failed to remit client funds, commingled client funds with non-client funds, failed to represent his clients diligently, and failed to communicate with his clients or to respond to the state bar.

According to State Bar Complaint No. 10-071-1375, Shreve represented Century-National Insurance Company in a civil action, which settled for $35,000. Shreve received the settlement funds and informed Century-National that he would pay the insured the previously agreed-upon $10,000 and remit the balance to Century-National. He failed to follow through and remit payment to Century-National, and he failed to respond to Century-National's numerous attempts to contact him. In addition, Shreve then failed to respond adequately to the State Bar's investigatory communications or to its complaint.[1]

According to State Bar Complaint No. SG12-0672, Shreve represented Farmers Insurance Exchange in a number of subrogation cases. In ten of those cases he failed to diligently prosecute the cases, failed to remit settlement funds to Farmers, failed to communicate, and

_____

[1]In Docket No. 59634 the hearing panel recommended this court disbar Shreve based on State Bar Complaint No. 10-071-1375. Because Shreve failed to participate in the disciplinary proceedings, the panel entered its findings and recommendation by default. While the recommendation was pending in this court, Shreve submitted a request for a remand to allow the panel to consider mitigating factors. The panel indicated its willingness, and the state bar indicated that additional allegations against Shreve were forthcoming. We remanded for resolution of all the issues. Based on the court's decision in this matter today, the proceedings pending against Shreve in Docket No. 59634 are resolved and closed.

failed to respond to attempts at contact and resolution. Farmers sued Shreve in district court, Shreve failed to participate in the litigation, and Farmers obtained a default judgment against Shreve. The State Bar alleged violations of the Rules of Professional Conduct with respect to the subrogation cases, Shreve's failure to respond to the Farmers lawsuit, and his failure to respond to the State Bar.

In total, the hearing panel made findings that with respect to Farmers, Shreve committed seven violations of RPC 1.1 (competence), one violation of RPC 1.2 (scope of representation), seven violations of 1.3 (diligence), ten violations of RPC 1.4 (communication), five violations of RPC 3.2 (expediting litigation) one violation of RPC 3.4 (fairness to opposing party and counsel), one violation of RPC 8.1 (bar admission and disciplinary matters), and 12 violations of RPC 8.4 (misconduct).

The panel found that Shreve had no disciplinary record prior to the proceedings in Complaint No. 10-071-1375 and that he suffered emotional problems during the time frame at issue due to significant life events. In addition, he had a history of good character and reputation and showed substantial remorse. On the other hand, he failed to remit his client's funds until four years after he received them, and did so only after the panel had issued its initial findings of fact and conclusions of law and recommendation for disbarment. The panel found the following four aggravators: (1) prior disciplinary offenses, based on Complaint No. 10-071-1375; (2) a pattern of misconduct; (3) multiple offenses; and (4) substantial experience in the practice of law.

The findings and recommendations of a disciplinary board hearing panel, though persuasive, are not binding on this court. *In re Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). The automatic review

of a panel decision recommending a suspension is conducted de novo, requiring the exercise of independent judgment by this court. *Id.*; SCR 105(3)(b). The panel's findings must be supported by clear and convincing evidence. SCR 105(2)(e); *In re Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). In determining the proper disciplinary sanction, this court considers four factors: (1) the duty violated, (2) the lawyer's mental state, (3) the potential or actual injury caused by the lawyer's misconduct, and (4) the existence of aggravating or mitigating circumstances. *In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (citing American Bar Association Standards for Imposing Lawyer Sanctions 3.0, *Compendium of Professional Responsibility Rules and Standards*, 344 (1999)). The primary objective of attorney discipline is not further punishment of the attorney, but rather protection of the public and protection of the public's confidence in the legal profession. *State Bar of Nevada v. Claiborne*, 114 Nev. 115, 129, 756 P.2d 464, 473 (1988).

We conclude that the record before us demonstrates that Shreve committed the misconduct and violations of the Rules of Professional Conduct as found by the hearing panel. The panel's recommendation is an appropriate sanction.

Accordingly, attorney Don Shreve, Jr. is hereby suspended from the practice of law for five years, effective January 30, 2014. Before he may petition for reinstatement pursuant to SCR 116, Shreve must take and pass the Nevada bar exam and the Multistate Professional Responsibility Exam and pay restitution to Farmers Insurance Exchange.

Shreve is ordered to pay the costs of the disciplinary proceedings against him within 90 days. *See* SCR 120. The parties shall also comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                      Hardesty

_____, J.          _____, J.
Parraguirre                                    Douglas

_____, J.          _____, J.
Cherry                                         Saitta

cc:     David A. Clark, Bar Counsel
        Jeffrey A. Albregts, Chair, Southern Nevada Disciplinary Board
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Michael J. Warhola, LLC
        Perry Thompson, Admissions Office, United States Supreme Court