In re Discipline of MICHAEL V. STUHFF.

No. 21810

August 20, 1992                                837 P.2d 853

---

*Potter Law Offices,* Las Vegas, for Appellant.

*Dennis L. Kennedy,* Chairman, Southern Nevada Disciplinary Board, *James Mancuso, Sheldon A. Breskow,* Bar Counsel and *Rosalie Small,* Executive Director, State Bar of Nevada, Las Vegas, for Respondent.

*Kevin M. Kelly,* Las Vegas, for Amicus Curiae, Nevada Attorneys for Criminal Justice.

# OPINION

*Per Curiam:*

Appellant, an attorney with many years of experience, represented Walter Crutchfield, who, in May 1986, was indicted on controlled substance and racketeering charges.[1] Crutchfield was tried before District Court Judge Stephen Huffaker beginning on December 5, 1988.

During the trial, appellant and Judge Huffaker clashed repeatedly. According to appellant, Judge Huffaker exhibited hostility and contempt toward the defense team. By the end of trial, appellant concluded that Judge Huffaker's behavior violated the Nevada Code of Judicial Conduct. From Judge Huffaker's perspective, however, appellant attempted to "control the Court" and refused to abide by the court's rulings.

On December 16, 1988, the jury found Crutchfield guilty of four counts of controlled substance violations and one related racketeering charge. Judge Huffaker scheduled sentencing for January 26, 1989. Because of the seriousness of the charges against him, Crutchfield faced a potential prison sentence of thirty to forty years. The likelihood of a lengthy prison sentence was especially great since Judge Huffaker had presided over the trial and was thoroughly familiar with the seriousness of Crutchfield's drug offenses.

Shortly after the jury returned its verdict, Crutchfield retained attorney William Terry (Terry) to assist appellant in handling Crutchfield's sentencing and appeal. On January 18, 1989, appellant and Terry made a joint petition to the court for a new trial.

In the meantime, appellant's attorney-client relationship with Crutchfield began to deteriorate. Crutchfield accused appellant of stealing $10,000.00 which was to have been deposited in appellant's client trust account. As a result of this dispute (which was ultimately resolved in appellant's favor), appellant filed a motion to withdraw as Crutchfield's counsel on January 20, 1989. Judge Huffaker scheduled a hearing on the motion for January 31, 1989.

On January 24, 1989, appellant filed a complaint with the Nevada Commission on Judicial Discipline, alleging that Judge Huffaker had committed misconduct during Crutchfield's trial. On the afternoon of the next day, appellant served a copy of his complaint on Judge Huffaker. Because of appellant's allegations and the resultant foundation for a claim of judicial bias against

---

[1]Appellant has been licensed to practice in Utah since 1973, Arizona since 1975, and Nevada since 1985.

appellant and, by extension, his client Crutchfield, Judge Huffaker concluded he had an ethical obligation to recuse himself.[2]

On January 26, 1989, Crutchfield, appellant and Terry appeared before Judge Huffaker for the scheduled sentencing. Judge Huffaker, however, did not sentence Crutchfield that day. Instead, he heard and granted appellant's motion to withdraw, and he continued Crutchfield's sentencing to February 14, 1989.

On February 14, 1989, with appellant withdrawn and Terry serving as Crutchfield's counsel, Judge Huffaker recused himself because of appellant's complaint. The prosecutor considered this development problematic because he feared that any substitute judge would neither understand nor appreciate the complexity and seriousness of Crutchfield's crimes. Nevertheless, the case was turned over to another district court judge, who subsequently sentenced Crutchfield to concurrent terms of ten, ten, three and three years, much less than the maximum sentence he could have received.

On October 24, 1989, Judge Huffaker lodged a complaint against appellant with the Southern Nevada Disciplinary Board (the Board). Following the State Bar Counsel's investigation and a Screening Panel review, appellant was charged with violating SCR 174(3) and SCR 203(4).

A hearing was held before a five-member panel of the Board on October 25, 1990. Judge Huffaker, appellant, Terry, and the prosecutor of Crutchfield testified at this hearing. On January 4, 1991, the Board submitted findings of fact and conclusions of law. The Board found clear and convincing evidence that appellant had violated SCR 174(3) and SCR 203(4). The Board recommended that appellant be suspended for six months from the practice of law, that he retake and pass the ethics portion of the Nevada Bar Examination during the period of his suspension, that he provide Judge Huffaker with a private apology and that he be required to pay the costs and expenses of the disciplinary proceedings. This automatic appeal followed.

## DISCUSSION

### I. SCR 174(3) and SCR 203(4)

SCR 174(3) forbids a lawyer from engaging in "conduct intended to disrupt a tribunal." SCR 203(4) provides that it is professional misconduct for a lawyer to "[e]ngage in conduct that is prejudicial to the administration of justice."

---

[2]Judge Huffaker testified that "I felt like I couldn't go ahead with the sentencing because it would then be inferred that I was not impartial with the sentencing." Had Judge Huffaker gone ahead and sentenced Crutchfield, it seems certain that, on appeal, Crutchfield would have challenged the sentencing based on Judge Huffaker's alleged partiality.

Though persuasive, the Board's findings and recommendations are not binding on this court. This court must review the record de novo and exercise its independent judgment to determine whether and what type of discipline is warranted. State Bar of Nevada v. Claiborne, 104 Nev. 115, 126, 756 P.2d 464, 471 (1988).

Appellant first argues that SCR 174(3) does not cover his alleged misconduct. According to appellant, one cannot disrupt a tribunal with conduct that occurs outside that tribunal; SCR 174(3), he asserts, only applies where actual physical or verbal disruption in the courtroom occurs.

We find appellant's argument persuasive. The Official Comment to ABA Model Rule of Professional Conduct 3.5(c), upon which SCR 174(3) is based, states:

[2] The advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants. A lawyer may stand firm against abuse by a judge but should avoid reciprocation; the judge's default is no justification for similar dereliction by an advocate. An advocate can present the cause, protect the record for subsequent review and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics.

The language above strongly suggests that SCR 174(3) is designed to guard against in-court disruption of an ongoing proceeding. A typical example of such disruption can be found in State ex rel. Okl. Bar Ass'n v. Whiteley, 792 P.2d 1174 (Okl. 1990), in which the court found that an attorney's combative and disruptive in-court demand for an immediate hearing before a judge on a petition for a writ of habeas corpus constituted conduct intended to disrupt a tribunal. Appellant's conduct in serving Judge Huffaker with a copy of the judicial complaint is more appropriately classified as conduct intended to subvert and prejudice the administration of justice, which is covered by SCR 203(4).

Appellant next contends that his conduct simply did not prejudice the administration of justice. We disagree.

SCR 203(4) is modeled on MRPC 8.4(d). Courts that have considered MRPC 8.4(d) have concluded that conduct that inten-

tionally interferes with the criminal justice and civil litigation processes generally is prejudicial to the administration of justice. *See, e.g.,* In re Stanley, 507 A.2d 1168 (N.J. 1986); In re Keiler, 380 A.2d 119 (D.C. 1977). The Supreme Court of Oregon has interpreted the word "prejudice" in the context of this rule to require either repeated conduct causing some harm to the administration of justice or *a single act causing substantial harm to the administration of justice.*[3] In re Haws, 801 P.2d 818, 823 (Or. 1990) (emphasis added). Applying these interpretations, we conclude that appellant's conduct prejudiced the administration of justice. As the Board correctly found, serving a copy of the complaint on Judge Huffaker had the following prejudicial impact:

> [Crutchfield's] sentencing was continued and eventually turned over to another judge who was unfamiliar with the case, with the resultant effect that dockets had to be rearranged, unnecessary delay was injected into the proceedings and additional time and resources were expended. Furthermore, the delay conceivably encroached upon Crutchfield's Sixth Amendment rights to a speedy trial, [citation ommitted]. [sic] and his rights under N.R.S. 175.015(1) to sentencing without unreasonable delay.

Appellant next contends that his conduct worked no prejudice because it did not require Judge Huffaker to recuse himself. According to appellant, the prejudice resulted from Judge Huffaker's mistaken belief that he had to disqualify himself. This argument, too, lacks merit. NRS 1.230(3) allows a judge, upon his own motion, to disqualify himself from acting in any matter upon the ground of actual or implied bias. In our view, Judge Huffaker appropriately disqualified himself to avoid a charge of bias.

Finally, appellant contends that there is no evidentiary basis for the Board's conclusion that he knowingly and intentionally prejudiced the administration of justice in Crutchfield's case. According to appellant, he served a copy of the complaint on Judge Huffaker out of "moral obligation and professional courtesy." We are not persuaded by appellant's position.

In determining questions of fact, a higher degree of proof is required in disciplinary matters than in ordinary civil proceed-

---

[3]Appellant cites Disciplinary Proceeding Against Curran, 801 P.2d 962 (Wash. 1990), where the Washington Supreme Court held that MRPC 8.4(d) only extends to violations of practice norms and physical interference with the administration of justice. This view, however, appears to be the minority position on this issue.

ings. In re Miller, 87 Nev. 65, 72, 482 P.2d 326, 330 (1971). The standard is whether the findings are supported by clear and convincing evidence. SCR 105(2)(e); Gentile v. State Bar, 106 Nev. 60, 62, 787 P.2d 386, 387 (1990). To be clear and convincing, evidence "need not possess such a degree of force as to be irresistible, but there must be evidence of tangible facts from which a legitimate inference . . . may be drawn." Gruber v. Baker, 20 Nev. 453, 477, 23 P. 858, 865 (1890).

In light of the equivocal nature of appellant's testimony and the legitimate inferences drawn from the evidence, we believe that clear and convincing evidence supports the Board's finding that appellant violated SCR 203(4). First, appellant testified before the Board that Judge Huffaker's conduct was insulting and prejudicial to Crutchfield's right to a fair trial. He also testified that he felt that filing a complaint might stop Judge Huffaker from trying or sentencing others. In appellant's words:

> I didn't think he should have tried Mr. Crutchfield or anyone else and from what I've seen of Judge Huffaker I did not think that he should act as a judge in a criminal case.
>
> . . . .
>
> I had a lot of thought about what my complaint would do to the administration of justice and that is the reason that I worked as hard as I could to put that together because I was aware that Judge Huffaker as a sitting judge, had other cases and I thought that if there's a gentleman who is sitting on a bench who has the attitude that Judge Huffaker has, that he's going to cause damage to other people.
>
> . . . .
>
> I felt, however, it was extremely important that the concerns that I had about that judge be brought to the attention of the Judicial Ethics Commission and I did that.

Second, despite appellant's apparent eagerness to bring Judge Huffaker's conduct to the attention of the Nevada Commission on Judicial Discipline and his concerns about fairness for the Crutchfield trial and other criminal matters assigned to Judge Huffaker, appellant waited more than five weeks before he filed and served his complaint. Judge Huffaker's alleged misconduct occurred prior to December 18, 1988; appellant filed his complaint on January 24, 1989. Appellant asserts that he was busy with other matters during this five-week period, but this assertion is contradicted by his testimony concerning the urgency of his complaint against Judge Huffaker and the fact that the complaint consisted merely of a three-page argument and a one-page verification. Also damning is appellant's failure to explain why, given that he had waited five weeks, he did not wait until after Crutchfield's sentencing to file his complaint.

Third, despite appellant's testimony that, because of his motion to withdraw, he believed he would no longer be involved with the Crutchfield matter after January 26, 1989, and that therefore he could not have anticipated that his complaint would be prejudicial, the evidence presented at the Board suggests otherwise. More importantly, though appellant's motion to withdraw was heard and decided on January 26, 1989 (the original date set for sentencing), the motion was originally scheduled to be heard on January 31, 1989. Thus, when appellant filed his complaint and served a copy on Judge Huffaker, he was still Crutchfield's counsel of record and had no reason to believe that he would be dismissed from the case at the sentencing hearing on January 26, 1989.

Fourth, appellant's testimony regarding his knowledge of the procedures and rules governing the filing of his complaint is entirely unconvincing. Appellant, an attorney of many years experience, testified that he obtained and reviewed a copy of these procedures and rules. Rules 12 and 14, within the subsection of the Nevada Supreme Court Rules titled "Administrative and Procedural Rules for the Nevada Commission on Judicial Discipline," clearly provide that a grievance against a judge is initiated by filing an initial complaint. Nothing is either rule requires notice; in fact, they implicitly forbid it. Additionally, Rule 5 of this subsection provides that "[a]ll proceedings must be confidential until there has been a determination of probable cause and filing of formal statements of charges." Given that appellant, an experienced attorney, read the rules, filed a verified complaint as required by Rule 12.1 and was aware of the confidentiality requirements, it is a reasonable inference, and one supported by the evidence, that appellant knew that personal service on Judge Huffaker was forbidden and potentially disruptive.

Finally, appellant challenges the Board's finding that he violated SCR 203(4). He first argues that SCR 203(4) is void-for-vagueness because it did not provide adequate notice that his actions were subject to discipline.

The void-for-vagueness doctrine is concerned with a defendant's right to fair notice and adequate warning that his conduct runs afoul of the law. *See, e.g.,* Gentile v. State Bar of Nevada, ...... U.S. ......, 111 S.Ct. 2720 (1991); Smith v. Goguen, 415 U.S. 566 (1974). Further, "[i]n determining the sufficiency of the notice a statute must of necessity be examined in the light of the conduct with which a defendant is charged." United States v. National Dairy Products Corp., 372 U.S. 29, 33 (1963). Appellant is an experienced attorney, and he admitted having

researched our relevant rules prior to bringing his complaint against Judge Huffaker. In our opinion, appellant must have known that serving Judge Huffaker with a copy of the complaint would be prejudicial to the administration of justice in Crutchfield's case.

We also reject appellant's other constitutional challenges as lacking merit under either the federal or Nevada constitutions.

## II.  *Appellant's six-month suspension*

Amicus, Nevada Attorneys for Criminal Justice, contends that the recommended six-month suspension is excessive given appellant's misconduct and the sanctions imposed by this court in prior cases involving more serious violations. With some reluctance, we agree. In our view, given the fact that this appears to be the first time this type of ethical violation has been brought to our attention, justice will be served by imposing a less severe sanction. In doing so, however, we recognized the seriousness of appellant's conduct and strongly suggest vigilance among members of the bar to carefully avoid a repetition of such conduct. Having concluded that the discipline recommended by the Board is not warranted, *see Claiborne,* 104 Nev. at 126, 756 P.2d at 471, we reduce appellant's punishment to a $5,000.00 fine and a public reprimand. *See* SCR 102(5). Accordingly, we hereby order that a public reprimand issue against appellant.