An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF DOUGLAS K. FERMOILE, ESQ., BAR NO. 662.

No. 63620

**FILED**

AUG 0 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING PUBLIC REPRIMAND

This is an automatic de novo review, pursuant to SCR 105(3)(b), of a Northern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendations for attorney discipline, arising from attorney Douglas K. Fermoile's handling of a client's personal injury case and Fermoile's actions in another client's criminal case.[1] The panel found that Fermoile violated RPC 1.2 (scope of representation), RPC 1.4 (communication), RPC 1.15 (safekeeping property); and RPC 8.4(c) (misconduct: engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).[2] Based on these

---

[1] The two clients that are the subject of the disciplinary proceedings are husband and wife.

[2] In determining the extent of Fermoile's punishment, the panel found by clear and convincing evidence that the following aggravating factors applied: pattern of misconduct; multiple offenses; refusal to acknowledge the wrongful nature of the conduct; and substantial experience in the practice of law. SCR 102.5(1). Further, the panel noted that Fermoile was not always forthcoming and responsive to requests for documents and explanations, which contributed to the delay in scheduling the hearing. In mitigation, the panel concluded that the two other

*continued on next page...*

14-25245

violations, the panel recommended that Fermoile: (1) be issued a public reprimand; (2) be required to take and pass the Multistate Professional Responsibility Examination (MPRE) within one year; (3) pay the costs of the disciplinary proceeding; and (4) that, within six months, he retain another attorney at his own expense to audit his law practice, and then implement any changes to his law practice suggested by the auditor.

The State Bar does not contest the panel's conclusions as to its findings of facts or rule violations, but contests the amount of discipline proposed, arguing it is too lenient. Fermoile asserts that the State Bar failed to establish most of the alleged violations by clear and convincing evidence, and thus argues that even a public reprimand is too harsh.

The findings and recommendations of a disciplinary board hearing panel, though persuasive, are not binding on this court. *In re Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). The automatic review of a panel decision recommending public discipline is conducted de novo, requiring the exercise of independent judgment by this court. *Id.*; SCR 105(3)(b). The panel's findings must be supported by clear and convincing evidence. SCR 105(2)(e); *In re Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). In determining the proper disciplinary sanction, this court considers four factors: (1) the duty violated, (2) the lawyer's mental state, (3) the potential or actual injury caused by the lawyer's misconduct, and (4) the existence of aggravating or mitigating circumstances. *In re*

---

*...continued*
instances of prior discipline regarding Fermoile were remote in time per SCR 102.5(2)(n). Further, while not corresponding to a numerated factor, the panel did note that the clients who filed the complaints against Fermoile had memory gaps when they testified, which affected their credibility.

*Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (citing American Bar Association Standards for Imposing Lawyer Sanctions 3.0, *Compendium of Professional Responsibility Rules and Standards*, 344 (1999)).

Having reviewed the parties' briefs and the record on appeal, we conclude that clear and convincing evidence supports the panel's findings as to the rule violations committed by Fermoile. We also conclude, based on the evidence presented and the conflicting testimony of the parties, that the panel's recommended punishment is appropriate. Accordingly, we direct the disciplinary panel to issue the public reprimand that it attached as an exhibit to its decision. Additionally, Fermoile must take and pass the Multistate Professional Responsibility Examination (MPRE) within one year of the date of this order; pay the costs of the disciplinary proceeding; and, within six months of the date of this order, retain another attorney at his own expense to audit his law practice and then implement any changes to his law practice suggested by the auditor.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: J. Thomas Susich, Chair, Northern Nevada Disciplinary Board
David A. Clark, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Douglas K. Fermoile
Perry Thompson, Admissions Office, United States Supreme Court

Supreme Court
OF
Nevada

(O) 1947A