An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF JOSLYN J. LAMADRID, BAR NO. 9093. | No. 61137 |
| IN THE MATTER OF DISABILITY OF JOSLYN LAMADRID, BAR NO. 9093. | No. 62803 |

**FILED**

SEP 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

Docket No. 61137 is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's findings that attorney Joslyn LaMadrid violated numerous Rules of Professional Conduct and its recommendation that she be suspended from the practice of law for one year. In Docket No. 62803, LaMadrid and counsel for the State Bar of Nevada jointly petitioned this court for an order transferring LaMadrid to disability inactive status.

On June 11, 2014, this court entered an order transferring LaMadrid to disability inactive status, SCR 117(3), and suspending disciplinary proceedings pending against her, including those in Docket No. 61137. SCR 117(2). Our order also directed LaMadrid to submit to an examination by a licensed medical expert for determination of her present

14-31319

capacity to practice law and to file a report of the expert's findings by July 21, 2014.[1] To date, LaMadrid has failed to file such a report. In light of LaMadrid's failure to comply with our order to provide a recent examination of her capacity to practice law, we conclude that LaMadrid is not incapacitated from practicing law and that disciplinary proceedings against her, including the one in Docket No. 61137, may resume. *See* SCR 117(3).[2]

The disciplinary proceedings against LaMadrid in Docket No. 61137 arose when LaMadrid, who was working for a firm, accepted money and gifts directly from clients and did not deposit retainer funds into the firm's trust account. LaMadrid kept the funds for personal use, failed to perform requested legal services, and failed to communicate with clients and the State Bar. Despite proper notice, LaMadrid did not appear at the hearing before the disciplinary board hearing panel. The panel found that LaMadrid violated RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (safekeeping property), RPC 8.1 (b) (bar admission and disciplinary matters), and RPC 8.4(c) (misconduct). The panel recommended that LaMadrid be suspended from the practice of law for one year and be ordered to pay the costs of the disciplinary proceedings.

---

[1]Our order was sent to the address LaMadrid has on file with this court, which appears to be the same permanent mailing address LaMadrid has provided to the State Bar pursuant to SCR 79(1)(a); *see also* SCR 79(3).

[2]In light of our determination, we will take no further action on the petition in Docket No. 62803, and that matter is now closed.

The findings and recommendations of a disciplinary board hearing panel are persuasive; however, our automatic review of a panel decision recommending a suspension is conducted de novo, requiring the exercise of independent judgment by this court. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). Having reviewed the record of the disciplinary proceedings, we conclude that clear and convincing evidence supports the findings that LaMadrid violated RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4(c) (misconduct). SCR 105(2)(f). We further conclude that the panel's recommended discipline is appropriately tailored to LaMadrid's misconduct. Accordingly, LaMadrid is hereby suspended from the practice of law for one year.[3] Additionally, LaMadrid shall pay the costs of the disciplinary proceedings within 30 days of receipt of the State Bar's bill of costs. *See* SCR 120.

---

[3]We note that LaMadrid is currently suspended for failure to complete required continuing legal education (CLE) requirements. The suspension imposed in this order is separate from and in addition to LaMadrid's CLE suspension; the suspension imposed here shall not begin until LaMadrid has resolved her CLE suspension.

LaMadrid and the State Bar shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.[4]

_[signature]_, C.J.
Gibbons

_[signature]_, J.
Pickering

_[signature]_, J.
Hardesty

_[signature]_, J.
Parraguirre

_[signature]_, J.
Douglas

_[signature]_, J.
Cherry

_[signature]_, J.
Saitta

cc: David A. Clark, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Joslyn J. LaMadrid
Jeffrey Albregts, Chair, Southern Nevada Disciplinary Board
Perry Thompson, U.S. Supreme Court Admissions Office

---

[4]This constitutes our final disposition of these matters. Any new proceedings concerning LaMadrid shall be docketed as a new and separate matter.