An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
TRAVIS CHANDLER, BAR NO. 8778.

No. 62790

IN THE MATTER OF DISCIPLINE OF
TRAVIS CHANDLER, BAR NO. 8778.

No. 64798

FILED

SEP 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF DISBARMENT

Docket number 64798 is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation that attorney Travis Chandler be disbarred. Docket number 62790 is a petition for reciprocal discipline pursuant to SCR 114 based on the Decision on Default and Exclusion of Chandler from practice before the U.S. Patent and Trademark Office. We approve the hearing panel's recommendation, and we disbar Chandler from the practice of law in Nevada.

In April 2012, the State Bar filed a formal complaint against Chandler alleging that in November 2007, Russell Keller hired him to file a patent application to the United States Patent and Trademark Office. Over the next two years, Keller would ask Chandler about the progress of the application, and Chandler's response was simply that "patents take time." However, in May of 2011, Keller received correspondence from the Patent and Trademark Office informing him that a Notice of Abandonment of his patent application had been sent to Chandler, and the letter asked if Keller was aware of or had consented to the abandonment. Chandler had not told Keller of the abandonment, and Keller never consented to it. After he received the letter from the Patent and

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31688

Trademark Office, Keller made numerous attempts to contact Chandler. Chandler failed to respond or to take any corrective action. Keller filed his grievance against Chandler in August 2011. Chandler also failed to respond to the State Bar's attempts at contact and communication for purposes of its investigation. We have previously disciplined Chandler for the same type of misconduct. *In re Discipline of Chandler*, Docket No. 55625 (Order Imposing Public Reprimand, July 27, 2011); *In re Discipline of Chandler*, Docket No. 58956 (Order of Suspension, December 7, 2012).[1]

The hearing panel conducted a formal hearing on October 28, 2013. Chandler, although represented by counsel, declined to file an answer to the complaint or to participate in the hearing.

The panel found that Chandler has had two prior disciplinary sanctions, as noted above, and further that in December 2011 he was excluded from practice before the U.S. Patent and Trademark Office for the same and similar misconduct. The panel found that the allegations of the State Bar's complaint were supported by the evidence and testimony, and concluded that Chandler had committed the following violations of the Rules of Professional Conduct: RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping of property), PRC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct).

---

[1]The December 7, 2012, order notes that Chandler was fee-suspended at the time for failure to pay his bar dues, and that the one-year suspension would not begin until he resolved his bar dues suspension. It appears that Chandler has yet to resolve his fee suspension and remains suspended under SCR 98(12), and his one-year suspension imposed in Docket No. 58956 has not commenced.

The panel also found the following aggravators: prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and substantial experience in the practice of law. The panel found no mitigating factors.

The findings and recommendations of a disciplinary board hearing panel, though persuasive, are not binding on this court. *In re Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). Our automatic review of a panel recommendation is conducted de novo, requiring the exercise of independent judgment by this court. *Id.*; SCR 105(3)(b). The panel's findings must be supported by clear and convincing evidence. SCR 105(2)(e); *In re Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). In determining the proper disciplinary sanction, this court considers four factors: (1) the duty violated, (2) the lawyer's mental state, (3) the potential or actual injury caused by the lawyer's misconduct, and (4) the existence of aggravating or mitigating circumstances. *In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (citing American Bar Association Standards for Imposing Lawyer Sanctions 3.0, *Compendium of Professional Responsibility Rules and Standards*, 344 (1999)). The primary objective of attorney discipline is not further punishment of the attorney, but rather protection of the public and protection of the public's confidence in the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 129, 756 P.2d 464, 473 (1988).

We conclude that clear and convincing evidence in the record before us demonstrates that Chandler committed the misconduct and violations of the Rules of Professional Conduct as found by the hearing

panel, and that protection of the public and the public's confidence in the legal profession is necessary. The panel's recommendation is an appropriate sanction.

Accordingly, attorney Travis Chandler is hereby disbarred from the practice of law in Nevada. Chandler is also ordered to pay restitution to Russell Keller in the amount of $4,800 and the costs of the disciplinary proceedings within 90 days. The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.[2]

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                                         Hardesty

_____, J.        _____, J.
Parraguirre                                      Douglas

_____, J.        _____, J.
Cherry                                            Saitta

cc:    David A. Clark, Bar Counsel
       Jeffrey A. Albregts, Chair, Southern Nevada Disciplinary Board
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Janet Trost
       Perry Thompson, Admissions Office, United States Supreme Court

---

[2]Based on our decision in this matter, the matter pending against Chandler in Docket No. 62790 is closed.