**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF PETER RINATO, BAR NO. 8636. | No. 64956 |



FILED

SEP 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER OF SUSPENSION

This is an automatic de novo review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation for attorney discipline, arising from attorney Peter M. Rinato's handling of his trust account and communication with the State Bar of Nevada relating to this bar matter. After the hearing, the panel found that Rinato violated RPC 1.15 (safekeeping property), RPC 5.5 (unauthorized practice of law), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4 (misconduct).[1] Based on these violations, the panel recommended that Rinato: (1) be suspended from the practice of law for six months; (2) be required to take ten additional hours of continuing legal education

_____

[1]In determining the extent of Rinato's discipline, the panel found by clear and convincing evidence that the aggravating factors included a pattern of misconduct and multiple offenses. SRC 102.5(1). In mitigation, the panel found that Rinato had no prior disciplinary record, that he experienced personal or emotional problems at the time, and that he showed remorse. SCR 102.5(2).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31668

relating to law office management; (3) after his period of suspension is completed, be placed on probation for a period of one year under the supervision of a mentor who will be responsible for submitting quarterly reports to the State Bar; and (4) be ordered to pay the fees and costs of the disciplinary proceedings.

The findings and recommendations of a disciplinary board hearing panel, though persuasive, are not binding on this court. *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). The automatic review of a panel decision recommending discipline is conducted de novo, requiring the exercise of independent judgment by this court. *Id.*; SCR 105(3)(b). The panel's findings must be supported by clear and convincing evidence. SCR 105(2)(f); *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). In determining the proper disciplinary sanction, this court considers four factors: (1) the duty violated; (2) the lawyer's mental state; (3) the potential or actual injury caused by the lawyer's misconduct; and (4) the existence of aggravating or mitigating circumstances. *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (citing American Bar Association Standards for Imposing Lawyer Sanctions 3.0, *Compendium of Professional Responsibility Rules and Standards*, 344 (1999)).

Having reviewed the record, we conclude that clear and convincing evidence supports the panel's findings as to the rule violations committed by Rinato. We also conclude, based on the evidence presented, that the panel's recommended punishment is appropriate. Accordingly, Rinato is suspended from the practice of law for six months. During that time, Rinato must complete an additional ten hours of continuing legal education relating to law office management. Following the suspension,

Rinato will be placed on probation for one year under the supervision of a mentor who will report to the State Bar on a quarterly basis. Rinato shall pay the State Bar's bill of costs within 90 days of receiving it.

It is so ORDERED.[2]

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                                          Hardesty

_____, J.        _____, J.
Parraguirre                                      Douglas

_____, J.        _____, J.
Cherry                                              Saitta

cc:     Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
        David Clark, Bar Counsel
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Peter M. Rinato
        Perry Thompson, Admissions Office, United States Supreme Court

_____

[2]We note that Rinato is currently suspended for failure to pay his State Bar membership dues. The suspension imposed in this order is separate from and in addition to Rinato's dues suspension; the suspension imposed here shall not begin until Rinato has resolved his dues suspension. *See* SCR 98(13).