An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF NOEL A. GAGE,
BAR NO. 6305.

No. 66902

**FILED**

SEP 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK



## ORDER OF REINSTATEMENT

This is a petition for reinstatement to the practice of law, pursuant to SCR 116, filed by suspended attorney Noel Gage. On May 28, 2014, this court suspended Gage from the practice of law for four years based on his conditional guilty plea to violations of RPC 5.4 (professional independence of a lawyer), RPC 8.4(b) (misconduct: commit a criminal act that reflects adversely on the lawyer's fitness to practice), and RPC 8.4(d) (misconduct: engage in conduct prejudicial to the administration of justice). *In the Matter of Discipline of Noel Gage*, Docket Nos. 64988 (Order Approving Conditional Guilty Plea Agreement, May 28, 2014). The suspension was retroactive to July 30, 2010, the date Gage was temporarily suspended from the practice of law. *Id.*

After serving the four-year suspension and satisfying all other conditions imposed by this court, Gage filed a petition for reinstatement, which was accompanied by several letters of support from former clients and attorneys espousing Gage's legal acumen, competence, and trustworthiness and encouraged his reinstatement to the practice of law. At a formal hearing before a panel of the Southern Nevada Disciplinary Board, two attorneys from the law firm where Gage would return to practice should he be reinstated testified on his behalf, describing Gage's exceptional legal skills and abilities. Several times during the hearing,

SUPREME COURT
OF
NEVADA

(O) 1947A

15-28369

Gage acknowledged the wrongfulness of his conduct and assured the panel that he would not engage in such misconduct in the future. Although the State Bar indicated at the conclusion of the hearing that it did not oppose Gage's reinstatement and the panel found that Gage had met his burden of demonstrating by clear and convincing evidence that he has the competency and learning of the law as required by SCR 116(2), a majority of the panel concluded that Gage failed to meet his burden to show by clear and convincing evidence that he has the moral qualifications required for reinstatement and that allowing him to resume the practice of law would be a "detriment to the integrity and standing of the bar and to the administration of the bar." Accordingly, by a 3-2 vote, the panel recommended that Gage's petition for reinstatement be denied.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo, SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992), and therefore we "must examine the record anew and exercise independent judgment," *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). Although we are not bound by the disciplinary panel's recommendations, those recommendations are persuasive. *Id.*

Having reviewed the record, we agree with the panel that clear and convincing evidence demonstrates that Gage has the moral qualifications, competency, and learning in law required for admission to practice law in this state, but we disagree that his resumption of the practice of law would be detrimental to the integrity and standing of the bar, to the administration of justice, or the public trust. Gage has acknowledged the wrongfulness of his conduct, accepted responsibility, and satisfied all conditions of the imposed discipline, and the evidence

presented at the hearing indicates that he is still held in high esteem by members of the public. Based on our de novo review, we conclude that Gage has met his burden under SCR 116(2). Accordingly, Noel Gage is hereby reinstated to the practice of law.

It is so ORDERED.[1]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

cc:    Chair, Southern Nevada Disciplinary Board
Bailey Kennedy
Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court

---

[1]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision in this matter.