**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ROBERT GRAYSON, BAR NO. 231.

No. 67621



FILED

SEP 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review, pursuant to SCR 105(3)(b), of a Northern Nevada Disciplinary Board hearing panel's findings that attorney Robert Grayson violated multiple Rules of Professional Conduct and its recommendation that Grayson be suspended from the practice of law for 12 months.

The alleged violations in the complaint filed by the State Bar stem from Grayson's representation of a client for purposes of negotiations and his subsequent filing of a complaint. Grayson never proceeded with litigation nor attempted to withdraw as counsel. Additionally, Grayson failed to timely respond to the State Bar regarding his client's grievance and to answer the complaint. As Grayson failed to respond to the complaint, his formal hearing proceeded on a default basis, with the charges deemed admitted. *See* SCR 105(2). The hearing panel found, by clear and convincing evidence, that Grayson violated RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.2(a) (expediting litigation), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4(d) (misconduct). Pursuant to SCR 102.5, the panel

considered aggravating and mitigating factors. The panel found six aggravating factors: (1) prior disciplinary offenses; (2) a pattern of misconduct; (3) multiple offenses; (4) bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders; (5) refusal to acknowledge the wrongful nature of conduct; and (6) substantial experience in the practice of law. The panel found one mitigating factor: absence of dishonest or selfish motive.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo, SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992), and therefore we "must examine the record anew and exercise independent judgment," *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). Although we are not bound by the disciplinary panel's recommendations, those recommendations are persuasive. *Id.* The State Bar has the burden of showing by clear and convincing evidence that Grayson committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

We conclude that there is clear and convincing evidence in the record before us that demonstrates that Grayson committed the violations of the Rules of Professional Conduct as found by the hearing panel, and that the panel's recommendation is appropriate.

Accordingly, attorney Robert Grayson is hereby suspended from the practice of law for 12 months beginning on the date of this order. At the completion of his term of suspension, Grayson shall comply with

SCR 116 upon any petition for reinstatement. Pursuant to SCR 120, Grayson shall also pay the costs of the disciplinary proceedings. Grayson shall comply with SCR 115 and the State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Chair, Northern Nevada Disciplinary Board
Robert A. Grayson
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Officer, U.S. Supreme Court