An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
RICHARD C. SIPAN, BAR NO. 3155.

No. 67420 FILED

SEP 18 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER REJECTING CONDITIONAL GUILTY PLEA AND REMANDING FOR FURTHER PROCEEDINGS

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve attorney Richard C. Sipan's conditional guilty plea in exchange for a stated form of discipline. *See* SCR 113(1); SCR 105(3)(b).

Under the conditional guilty plea agreement, Sipan admits to a total of 136 violations of the following Rules of Professional Conduct stemming from 15 grievances: RPC 1.3 (diligence) (15 violations); RPC 1.4 (communication) (15 violations); RPC 1.5 (fees) (15 violations); RPC 1.15 (safekeeping property) (15 violations); RPC 5.3 (responsibilities regarding non-lawyer assistants) (15 violations); RPC 5.4 (professional independence of a lawyer) (15 violations); RPC 5.5 (unauthorized practice of law) (15 violations); RPC 7.1(b) (communications concerning a lawyer's services) (15 violations); RPC 8.1(b) (bar admission and disciplinary matters) (1 violation); and RPC 8.4 (misconduct) (15 violations).

The stated form of discipline in the conditional guilty plea agreement provides for a two-year suspension and for Sipan to pay the costs of the disciplinary proceeding, excluding Bar Counsel and staff salaries, within 90 days of receipt of a billing from the State Bar.

SUPREME COURT
OF
NEVAOA

(O) 1947A

15-28358

The findings and recommendations of a disciplinary hearing panel, though persuasive, are not binding on this court. *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). The automatic review of a panel decision recommending a suspension is conducted de novo, requiring the exercise of independent judgment by this court. *Id.*; *see* SCR 105(3)(b).

Based on our review of the record, the suspension recommendation is insufficient in relation to Sipan's admitted conduct. Accordingly, we reject the conditional guilty plea agreement and remand this matter to the Southern Nevada Disciplinary Board for further proceedings.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                                  Douglas

_____, J.          _____, J.
Cherry                                       Saitta

_____, J.          _____, J.
Gibbons                                      Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Chair, Southern Nevada Disciplinary Board
Richard C. Sipan
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court