An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF GWYNNE R. DUMBRIGUE, ESQ., BAR NO. 10031.

No. 67765

FILED

SEP 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER APPROVING REVISED CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve attorney Gwynne R. Dumbrigue's revised conditional guilty plea in exchange for a stated form of discipline.[1] *See* SCR 113(1), (3); SCR 105(3)(b).

Under the revised conditional guilty plea agreement, Dumbrigue admits to a total of 79 violations of the following Rules of Professional Conduct stemming from 11 grievances: RPC 1.1 (competence) (10 violations); RPC 1.2 (scope of representation) (10 violations); RPC 1.3 (diligence) (10 violations); RPC 1.4 (communication) (10 violations); RPC 1.15 (safekeeping property) (11 violations); RPC 1.16 (declining or terminating representation) (10 violations); RPC 3.2 (expediting litigation) (10 violations); RPC 3.4 (fairness to opposing party and counsel) (7 violations); and RPC 8.4(d) (misconduct) (1 violation).

---

[1]We previously rejected Dumbrigue's conditional guilty plea because "the suspension recommendation [was] insufficient in relation to Dumbrigue's admitted conduct." *In re Discipline of Gwynne Dumbrigue*, Docket No. 65707 (Order Rejecting Conditional Plea Agreement and Remanding for Further Proceedings, October 24, 2014).

15-29455

The stated form of discipline in the revised conditional guilty plea agreement provides for a 1-year stayed suspension with a 90-day actual suspension and the following conditions: (1) probation for 2 years, during which Dumbrigue must submit quarterly reports to the Bar, stay out of trouble, and not be the subject of any grievances that result in actual discipline; (2) as Dumbrigue already obtained a mental-health evaluation, follow up with any recommendations and provide updates as to treatment in the quarterly reports; (3) maintain a Bar-approved mentor to monitor Dumbrigue's practice and submit quarterly reports to the Bar, with the mentor ensuring that Dumbrigue has a proper accounting system to track client fees and costs, that cases are properly filed and calendared, and that Dumbrigue does not have more than 25 active bankruptcy cases at any time; (4) complete a total of 10 additional CLE credits in the area of office management and provide proof of attendance; (5) pay restitution in the total amount of $4,859 within 1 year;[2] (6) participate in the fee dispute process and be bound by the State Bar Fee Dispute Committee's decision if former client Treena Leonard files a fee dispute; (7) submit quarterly reports to the Bar detailing his place of employment, number of active bankruptcy cases, areas of practice, restitution payments, treatment progress (if recommended by medical expert), and any issues that may have developed; and (8) pay the actual costs of the disciplinary proceedings, excluding Bar Counsel and staff salaries, within 1 year.

---

[2]The restitution shall be paid to the following former clients in the indicated amounts: Marian Clark, $1,499; Kevin Posner, $2,000; Vincente Acosta, $1,100; and Lucille Brown, $260.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo, SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992), and therefore we "must examine the record anew and exercise independent judgment," *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). Although we are not bound by the disciplinary panel's recommendations, those recommendations are persuasive. *Id.*

Having reviewed the record, we conclude that the revised conditional guilty plea should be approved in its entirety. *See* SCR 113(1). We hereby impose a 1-year stayed suspension with an actual suspension of 90 days commencing from the date of this order. Additionally, Dumbrigue must comply with all of the conditions in the plea agreement, as outlined above. The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

DOUGLAS and SAITTA, JJ., dissenting:

We would reject the conditional guilty plea agreement because the stated form of discipline is insufficient in relation to Dumbrigue's conduct. Accordingly, we dissent.

_____ , J.
Douglas

_____ , J.
Saitta

cc:    Chair, Southern Nevada Disciplinary Board
       Michael J. Warhola
       Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Officer, U.S. Supreme Court