**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
GARY L. MYERS, BAR NO. 3120.

No. 67694

FILED

SEP 29 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### *ORDER OF SUSPENSION*

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and decision, in which the panel recommended that attorney Gary Myers be suspended from the practice of law for four years, retroactive to this court's order of temporary suspension on February 24, 2012, subject to conditions. *See In re Discipline of Myers*, Docket No. 59866 (Order of Temporary Suspension, February 24, 2012). Additionally, the panel recommended that Myers pay the costs of the disciplinary proceedings.

Myers admitted that he violated RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), and RPC 8.4 (misconduct) with regard to all three counts in the complaint, as well as RPC 1.16 (declining or terminating representation) in the third count. Based on these violations, the panel recommended that Myers be suspended from the practice of law for four years, retroactive to the order of temporary suspension, with the following conditions: (a) Myers shall report his place of employment to the State Bar; (b) when Myers obtains a job, he shall make a good faith effort to pay restitution; and (c) Myers shall continue with treatment, whether in group therapy, in a church, or with a healthcare provider. Furthermore, the panel also requested that the

15-29513

following conditions be considered by any reinstatement panel: (a) Myers not practice law out of his house but in a law office; (b) Myers obtain a mentor; (c) Myers not have access to trust account funds for a determined period of time; (d) Myers have a bookkeeper or accountant maintain his account; and (e) Myers should make a good faith effort to pay restitution owed, but full repayment of restitution is not a prerequisite to filing a petition for reinstatement. Finally, the panel recommended that Myers pay the actual costs of the disciplinary proceedings, excluding Bar Counsel and staff salaries, within 30 days of the receipt of a memorandum of costs from the State Bar.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo, SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992), and therefore we "must examine the record anew and exercise independent judgment," *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). Although we are not bound by the disciplinary panel's recommendations, those recommendations are persuasive. *Id.* The State Bar has the burden of showing by clear and convincing evidence that Myers committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

After reviewing the record, we conclude that clear and convincing evidence supports the panel's findings of misconduct. We further conclude that the panel's recommended discipline is appropriate and approve the recommendation with one exception: payment of restitution in full shall be a condition of reinstatement.

Accordingly, we suspend Myers from the practice of law for four years, retroactive to February 24, 2012, the date of his temporary

suspension. Additionally, during his suspension Myers shall comply with the conditions set forth by the panel, as described above. Myers shall pay restitution in full as a condition of reinstatement. Finally, Myers shall pay the costs associated with the disciplinary proceedings within 30 days of the receipt of a memorandum of costs from the State Bar. Myers shall comply with SCR 115 and SCR 116. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                                   Douglas

_____, J.          _____, J.
Cherry                                          Saitta

_____, J.          _____, J.
Gibbons                                        Pickering

cc:    Chair, Southern Nevada Disciplinary Board
       Travis E. Shetler
       Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Officer, U.S. Supreme Court

---

[1]With regard to Myers' request for submission without briefing and to adopt the panel's recommendations, that request is moot.