An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MARINA E. KOLIAS, BAR NO. 6383.

No. 67559

**FILED**

OCT 22 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### ORDER OF SUSPENSION

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings that attorney Marina Kolias violated multiple Rules of Professional Conduct and its recommendation that Kolias be suspended from the practice of law for five years.[1]

The alleged violations involve three complaints addressing numerous grievances primarily related to Kolias' misappropriation of client funds. Based on a stipulation to the facts and violations, the panel found that Kolias violated RPC 1.3 (diligence), 1.4 (communication), 1.15 (safekeeping property), 4.1 (truthfulness in statements to others), 5.3 (responsibilities regarding nonlawyer assistants), 8.1 (bar admission and disciplinary matters), and 8.4 (misconduct). After a formal hearing and considering the aggravating and mitigating circumstances, the panel recommended that Kolias be suspended from the practice of law for five

---

[1]This court temporarily suspended Kolias on July 24, 2013, pending the resolution of the disciplinary proceedings. *In re Discipline of Marina Kolias*, Docket No. 62783 (Order of Temporary Suspension, July 24, 2013); *see* SCR 102(4).

15-32274

years and be required to pay the costs of the disciplinary proceedings, excluding Bar Counsel and staff salaries. The panel further recommended that reinstatement be conditioned on payment of full restitution to all victims and to the Client Security Fund and a psychiatric evaluation by an expert declaring that Kolias' gambling addiction is under control and that she does not pose a threat to the public if allowed to practice law.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo, SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992), and therefore, while the panel's recommendations are persuasive, we "must examine the record anew and exercise independent judgment," *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). The question before this court is the appropriate discipline, as the parties stipulated below to the facts and the rule violations. The purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). In determining the appropriate discipline, this court has considered four factors to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Having reviewed the record,[2] we conclude that the mitigating circumstances outweigh the aggravating circumstances, and as a result,

---

[2]Kolias did not file an opening brief. As a result, this matter was submitted for decision on the record without briefing or oral argument. SCR 105(3)(b).

the recommended five-year suspension is the appropriate discipline. We further agree with the recommended conditions that Kolias must meet before applying for reinstatement.

Accordingly, Kolias is suspended from the practice of law in Nevada for five years commencing from the date of this order. Kolias must petition for reinstatement under SCR 116. *See* SCR 102(2). She must successfully complete the State Bar examination, *see* SCR 116(5), and comply with the conditions set forth above before she will be reinstated to the practice of law. Kolias shall pay the costs of the disciplinary proceedings, excluding Bar Counsel and staff salaries, within 30 days of receipt of the State Bar's bill of costs. *See* SCR 120. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

cc: Chair, Southern Nevada Disciplinary Board
Michael J. Warhola, LLC
Marina Kolias
Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court