An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF HAROLD KUEHN, BAR NO. 284. | No. 63410 |
| IN THE MATTER OF DISCIPLINE OF HAROLD KUEHN, BAR NO. 284. | No. 66648 |

FILED

DEC 02 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF DISBARMENT

These are automatic reviews under SCR 105(3)(b) of Southern Nevada Disciplinary Board hearing panels' findings that attorney Harold Kuehn violated numerous Rules of Professional Conduct and their respective recommendations that Kuehn be suspended from the practice of law for five years, Docket No. 63410, and that he be disbarred from the practice of law, Docket No. 66648. The violations relate to Kuehn's complete failure to defend a client in a wrongful death case, resulting in a $2.7 million judgment against her; failure to meaningfully participate in a federal malpractice case in which he was a defendant, resulting in sanctions by the United States District Court; failure to communicate with clients and/or his treating clients in a manner that interfered with his

professional representation of them; and failure to cooperate with the State Bar with respect to one of the proceedings.[1]

In these matters, the bar alleged that Kuehn violated: RPC 1.1 (competence), RPC 1.2 (scope of representation and allocation of authority between client and lawyer), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.16 (declining or terminating representation), RPC 3.4 (fairness to opposing party and counsel), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct). In Docket No. 63410, Kuehn conceded all violations alleged by the State Bar; in Docket No. 66648, Kuehn failed to respond the State Bar's complaints, and the panel proceeded on a default basis with the charges deemed admitted. SCR 105(2).

Our review of the disciplinary panels' findings and recommendations is de novo. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992).[2] We therefore "must examine the record anew and exercise independent judgment," but the disciplinary panels' recommendations are persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). The State Bar has the burden of showing by clear and convincing evidence that an attorney committed the charged violations, *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908

---

[1]Kuehn is currently suspended from the practice of law for failure to comply with CLE requirements.

[2]SCR 105(3)(b) has been amended to give deference to a disciplinary panel's factual findings, but that amendment is not yet effective. *See In re Amendments to Court Rules Regarding Attorney Discipline, Specifically, SCR 105*, ADKT 0505 (Order Amending Supreme Court Rule 105, November 5, 2015) (providing that amendment is "effective 30 days from the date of this order").

P.2d 708, 715 (1995), but where, as in Docket No. 66648, the attorney fails to respond to a complaint, "the charges shall be deemed admitted," SCR 105(2).

In determining the appropriate discipline, this court has considered four factors to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). The purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

We have reviewed the records of the disciplinary proceedings in these matters, as well as the briefs submitted in Docket No. 63410,[3] and conclude that clear and convincing evidence supports the panels' findings that Kuehn violated numerous Rules of Professional Conduct. We further conclude that the panels' recommended discipline is appropriate in light of the aggravating factors present (prior disciplinary history, pattern of misconduct, dishonest or selfish motive, multiple disciplinary offenses, refusal to acknowledge the wrongful nature of his conduct, vulnerability of victims, substantial experience in the practice of law, and indifference to making restitution), SCR 102.5, and lack of any mitigating factors. Finally, in light of the conduct underlying Kuehn's numerous rule violations, we conclude that disbarment is necessary to protect the public, the court, and the legal profession.

---

[3]We grant all motions to file briefs in Docket No. 63410; the clerk shall file the opening brief, amicus briefs, errata, and appendix.

 

Accordingly, attorney Harold Kuehn is hereby irrevocably disbarred.[4] SCR 102(1). Kuehn shall pay the costs of the disciplinary proceedings within 30 days from the date of this order. The parties shall comply with the relevant provisions of SCR 121.1

It is so ORDERED.



_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[4]In light of Kuehn's disbarment, the recommendation that he be suspended from the practice of law for five years is moot.

 

cc: Chair, Southern Nevada Disciplinary Board
Harold Kuehn
Stan Hunterton, Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court