# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
REINSTATEMENT OF KEVIN J.
MIRCH, BAR NO. 923.

No. 66647

**FILED**

FEB 19 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER DENYING REINSTATEMENT*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that disbarred attorney Kevin J. Mirch's petition for reinstatement be denied.[1] Having reviewed the record and the submitted briefs, we conclude that the panel correctly found that Mirch has failed to meet his burden of showing by clear and convincing evidence that he should be reinstated. *See* SCR 116(2) (providing that in order to be reinstated, an attorney bears the burden of demonstrating by clear and convincing evidence that he or she has the competency, learning, and moral qualification to be admitted to practice law, "and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest"); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992) (explaining that this court reviews a panel's findings and recommendations de novo).

---

[1]The rules in effect at the time of Mirch's disbarment allowed reinstatement of disbarred attorneys. Under the current rules, disbarment is irrevocable. *See* ADKT No. 392 (Order Amending Nevada Supreme Court Rules 99-123, Amending Rules 212-213, and Adopting Rule 102.5, December 29, 2006) (amending SCR 120(1) and SCR 116, effective March 1, 2007, to make disbarment irrevocable); SCR 102(1); SCR 122.

We note that the panel's recommendation was not unanimous, with one member dissenting.

16-05368

Mirch's litigation activities in the State of Nevada since his disbarment establish that Mirch has continued in the type of conduct that led to his disbarment. Specifically, the record demonstrates that Mirch blames his disbarment on certain individuals in the legal community and he has continued to file frivolous requests and actions in an effort to harass those individuals. Thus, Mirch's reinstatement poses a risk to the integrity and standing of the bar, to the administration of justice, and to the public interest. SCR 116(2). Accordingly, we approve the panel's recommendation and deny Mirch's petition for reinstatement.[2]

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Mirch Law Firm LLP
State Bar of Nevada/Las Vegas
Chair, Northern Nevada Disciplinary Board
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court

---

[2]The Honorable James W. Hardesty, Justice, voluntarily recused himself from participation in the decision of this matter.