An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
WALTER P. TAMBOLINI, BAR NO.
9206.

No. 65226

**FILED**

SEP 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK



## *ORDER OF SUSPENSION*

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings that attorney Walter Tambolini violated multiple Rules of Professional Conduct and its recommendation that he be suspended from the practice of law in Nevada for six months and one day.

The State Bar filed a complaint based on two grievances lodged against Tambolini. In the first, Tambolini engaged in the practice of law while he was suspended for failure to meet his Continuing Legal Education (CLE) requirements and, despite his suspended status, Tambolini filed an affidavit in a Nevada court swearing that he was a duly licensed attorney in Nevada. In the second, Tambolini failed to competently and diligently pursue a personal injury matter filed on behalf of his clients. Additionally, Tambolini failed to communicate with his clients regarding the status of their personal injury matter. Tambolini failed to respond to the State Bar's inquiries regarding these grievances and failed to appear at the disciplinary hearing, despite receiving proper notice. As such, the hearing panel deemed the allegations in the

14-31659

complaint admitted, and the hearing proceeded on a default basis. *See* SCR 105(2).

The hearing panel found, by clear and convincing evidence, that Tambolini violated RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 5.5 (unauthorized practice of law), RPC 8.1 (bar admission and disciplinary matters) (two violations), and RPC 8.4 (misconduct) (two violations). The panel recommended that Tambolini be suspended for six months and one day and that he pay the costs of the disciplinary proceedings.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo. SCR 105(3)(b); *In re Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). "Although the recommendations of the disciplinary panel are persuasive, this court is not bound by the panel's findings and recommendation, and must examine the record anew and exercise independent judgment." *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001).

Having reviewed the record, we conclude that clear and convincing evidence supports the panel's findings that Tambolini committed the violations alleged. *See* SCR 105(2)(f). Although we approve the panel's recommendation that Tambolini be suspended, we determine that a two-year suspension is more appropriately tailored to Tambolini's misconduct.

Accordingly, attorney Walter Tambolini is hereby suspended from the practice of law in Nevada for two years.[1] Tambolini shall pay the

---

[1]Tambolini is currently suspended for failure to meet his CLE requirements. *See In re Application of the Bd. of Continuing Legal Educ.*, *continued on next page . . .*

costs of the disciplinary proceeding, excluding bar counsel and staff salaries, within 30 days of receipt of a bill of costs from the State Bar. *See* SCR 120. Upon any attempted reinstatement, Tambolini shall comply with SCR 116. *See* SCR 116(1). Additionally, Tambolini shall comply with SCR 115 and the State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                                        Hardesty

_____, J.          _____, J.
Parraguirre                                                     Douglas

_____, J.          _____, J.
Cherry                                                            Saitta

cc:    Jeffrey Albregts, Chair, Southern Nevada Disciplinary Board
David A. Clark, Bar Counsel
Walter P. Tambolini
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

_____

*. . . continued*

Docket No. 61517 (Order Dismissing Petition as to Certain Respondent Attorneys and Granting Petition as to Certain Respondent Attorneys, December 28, 2012). Accordingly, the suspension imposed in the instant matter will not commence until after Tambolini resolves his CLE suspension. *See* SCR 213.