An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SHANNON L. FLOYD, BAR NO. 9016.

No. 64858

FILED

OCT 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic de novo review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendations for attorney discipline, arising from attorney Shannon L. Floyd's handling of a client's bankruptcy case and Floyd's subsequent conduct in the course of proceedings regarding that client's grievance against Floyd. The panel found that Floyd violated RPC 1.1 (competence), 1.15 (safekeeping property), 3.4(c) (fairness to opposing party and counsel: knowingly disobeying an obligation of a tribunal), 8.1 (bar admission and disciplinary matters), and 8.4(d) (misconduct: engaging in conduct that is prejudicial to the administration of justice). Based on these violations, the panel recommended that Floyd be issued a public reprimand and pay the costs of the disciplinary proceeding.

As explained below, clear and convincing evidence supports the panel's findings concerning Floyd's misconduct; however, having considered the record and the aggravating and mitigating circumstances, we reject the panel's recommended discipline as too lenient. Instead, we impose a three-month suspension, along with the additional conditions set forth below.

Although the disciplinary panel's findings and recommendations are persuasive, they are not binding and this court must

14-35476

review the record de novo. SCR 105(3)(b); *In re Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). To support imposing discipline, the panel's findings must be supported by clear and convincing evidence. *In re Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). In determining the proper disciplinary sanction, we consider four factors: (1) the duties violated, (2) the lawyer's mental state, (3) the potential or actual injury caused by the lawyer's misconduct, and (4) the existence of aggravating or mitigating circumstances. *In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Neither party has filed an opening brief, and this matter will accordingly be decided on the record without briefing or oral argument. SCR 105(3)(b).

After reviewing the record, we conclude that clear and convincing evidence supports the panel's findings concerning Floyd's misconduct. In particular, the record demonstrates that Floyd failed to (1) properly deposit client funds into her client trust account, (2) file her client's petition for bankruptcy, (3) timely file an answer to the State Bar's complaint or provide documents for these proceedings as ordered by the panel, (4) respond to correspondence from the State Bar, (5) timely pay restitution to her client as ordered by the panel, (6) timely pay costs of the disciplinary proceeding as ordered by the panel, (7) provide timely proof of completion of the CLE requirements imposed by the panel, (8) appear at a hearing in the course of these proceedings, and (9) provide good cause for her noncompliance with panel orders.

We conclude that a three-month suspension is appropriate in light of both the aggravating factors (Floyd's pattern of misconduct, multiple offenses, bad-faith obstruction of the disciplinary proceeding by intentionally failing to comply with orders, and indifference to making restitution) and the mitigating factors (the lack of prior public discipline,

Floyd's serious illness, and the existence of personal or emotional problems) identified by the panel. SCR 102.5. Accordingly, we suspend Floyd from the practice of law for three months beginning on the date of this order and subject to the following conditions. Floyd shall: (1) have a mentor throughout the suspension period and for a period of one year thereafter, and this mentor shall file a report with the State Bar every three months; (2) retake and pass the Multistate Professional Responsibility Exam within one year from the date of this order, and; (3) complete, within three months from the date of this order, ten hours of continuing legal education in law office management in addition to her annual requirements, providing proof of such attendance to the State Bar. Floyd shall pay the costs of the disciplinary proceedings within 30 days of receipt of the State Bar's bill of costs. SCR 120(1).

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                          Hardesty

_____, J.          _____, J.
Parraguirre                                       Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

SAITTA, J., with whom DOUGLAS, J., joins, concurring in part and dissenting in part:

While I concur with the majority in concluding that clear and convincing evidence supports the panel's findings concerning Floyd's misconduct, I dissent from the discipline imposed. Floyd's conduct here violates several rules of professional conduct, including those governing competence, safekeeping property, fairness, obligations to a tribunal, disciplinary matters, and conduct concerning the administration of justice. I believe more severe discipline is appropriate based on this extensive misconduct. Thus, I would impose a two-year suspension from the practice of law, with one year of that suspension stayed during which I would require Floyd to submit quarterly reports to the State Bar and complete the other conditions imposed as a result of her professional conduct violations.

_____, J.
Saitta

I concur:

_____, J.
Douglas

cc:  Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Panel
     David A. Clark, Bar Counsel
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Shannon L. Floyd
     Perry Thompson, Admissions Office, United States Supreme Court
     State Bar of Nevada/Las Vegas