An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF GWYNNE R. DUMBRIGUE, BAR NO. 10031.

No. 65707

FILED

OCT 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER REJECTING CONDITIONAL PLEA AGREEMENT AND REMANDING FOR FURTHER PROCEEDINGS

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve attorney Gwynne Dumbrigue's conditional guilty plea in exchange for a stated form of discipline. *See* SCR 113(1), (3); SCR 105(3)(b).

Under the conditional guilty plea agreement, Dumbrigue admits to a total of 79 violations of the following Rules of Professional Conduct stemming from 11 grievances: RPC 1.1 (competence) (10 violations); RPC 1.2 (scope of representation) (10 violations); RPC 1.3 (diligence) (10 violations); RPC 1.4 (communication) (10 violations); RPC 1.15 (safekeeping property) (11 violations); RPC 1.16 (declining or terminating representation) (10 violations); RPC 3.2 (expediting litigation) (10 violations); RPC 3.4 (fairness to opposing party and counsel) (7 violations); and RPC 8.4(d) (misconduct: engage in conduct prejudicial to the administration of justice) (1 violation).

The stated form of discipline in the conditional guilty plea agreement provides for a stayed suspension of six months, with a two-year probationary period during which Dumbrigue must stay out of trouble and not be the subject of any grievances that result in actual discipline.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-35473

Further, Dumbrigue must (1) obtain an expert evaluation regarding gambling addiction and mental health issues and provide a copy of the report to the State Bar; (2) obtain a mentor approved by the State Bar to monitor his practice and submit quarterly reports to the State Bar, with this mentor ensuring that Dumbrigue has a proper accounting system in place to track client fees and costs, and ensuring that Dumbrigue does not have more than 25 active bankruptcy cases at any time; (3) complete a total of 10 additional Continuing Legal Education (CLE) credits per year; (4) pay restitution in the total amount of $4,859 within one year;[1] (5) participate in the fee dispute process and be bound by the State Bar Fee Dispute Committee's decision if former client Treena Leonard files a fee dispute; and (6) submit quarterly reports to the State Bar detailing his place of employment, number of active bankruptcy cases, areas of practice, restitution payments, treatment progress, if any treatment is recommended by a medical expert, and any issues that may have developed in Dumbrigue's practice. Dumbrigue further agrees to pay the costs of the instant disciplinary proceedings.

The findings and recommendations of a disciplinary hearing panel, though persuasive, are not binding on this court. *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). The automatic review of a panel decision recommending a suspension is conducted de novo, requiring the exercise of independent judgment by this court. *Id.*; see SCR 105(3)(b). The panel's findings must be supported by clear and convincing

---

[1]The restitution shall be paid to the following former clients in the indicated amounts: Marian Clark, $1,499; Kevin Posner, $2,000; Vincente Acosta, $1,100; Lucille Brown, $260.

evidence. SCR 105(2)(f); *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

Based on our review of the record, we agree with the recommendations regarding the expert evaluation, mentorship agreement, additional CLE, restitution, participation in the fee dispute process, quarterly reports to the State Bar, and payment of costs. However, the suspension recommendation is insufficient in relation to Dumbrigue's admitted conduct. Accordingly, we reject the conditional guilty plea agreement and remand this matter to the Southern Nevada Disciplinary Board for further proceedings.

It is so ORDERED.[2]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[2]This order constitutes our final disposition of this matter. Any further proceedings concerning Dumbrigue shall be docketed as a new matter.

cc:    Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Panel
David A. Clark, Bar Counsel
Michael J. Warhola, LLC
Kimberly Farmer, Executive Director, State Bar of Nevada