An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
CHRISTOPHER GEIGER, BAR NO.
9029.

No. 66012

**FILED**

NOV 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF DISBARMENT

This is an automatic review, pursuant to SCR 105(3)(b), of a Northern Nevada Disciplinary Board hearing panel's findings that attorney Christopher Geiger violated multiple Rules of Professional Conduct and its recommendation that he be disbarred.

Geiger is the subject of six grievance files alleging incompetence, failure to diligently pursue clients' cases, failure to communicate with clients and the State Bar, mishandling of client funds, assisting in the unauthorized practice of law and failing to supervise nonlawyer assistants, and failure to comply with rules governing multi-jurisdictional law firms. The State Bar filed two complaints in this matter. Geiger answered the first complaint, but did not answer the second complaint, did not appear at the formal hearing, and filed no briefs on appeal.

The hearing panel therefore proceeded on a default basis and determined that Geiger had committed the violations alleged in the first complaint. The violations alleged in the second complaint were deemed admitted based on Geiger's failure to respond to them. SCR 105(2). The

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37001

panel found a total of 35 violations of the Rules of Professional Conduct, specifically: three violations of RPC 1.1 (competence), two violations of RPC 1.3 (diligence), two violations of RPC 1.4 (communication), two violations of RPC 1.5 (fees), two violations of RPC 1.15 (safekeeping property), one violation of RPC 3.1 (meritorious claims and contentions), two violations of RPC 3.2 (expediting litigation), two violations of RPC 3.3 (candor toward the tribunal), one violation of RPC 3.4 (fairness to opposing party and counsel), two violations of RPC 4.1 (truthfulness in statements to others), two violations of RPC 5.3(b) (responsibilities regarding nonlawyer assistants), three violations of RPC 5.5(a)(2) (unauthorized practice of law), one violation of RPC 7.5A (registration of multi-jurisdictional law firms), two violations of RPC 7.5A(j) (responsibility of Nevada-licensed member), three violations of RPC 8.1(b) (bar admissions and disciplinary matters), and five violations of RPC 8.4(c) (misconduct).

This court's automatic review of a disciplinary panel's findings and recommendations is de novo. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). "Although the recommendations of the disciplinary panel are persuasive, this court is not bound by the panel's findings and recommendation, and must examine the record anew and exercise independent judgment." *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). The State Bar has the burden of showing by clear and convincing evidence that Geiger committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

Having reviewed the record of the disciplinary proceedings in this matter, we conclude that clear and convincing evidence supports the

panel's findings that Geiger committed the offenses charged. *See* SCR 105(2)(f). We further conclude that the panel's recommendation of disbarment is appropriately tailored to Geiger's misconduct. Despite Geiger's failure to respond to the second complaint or appear at the formal hearing, clear and convincing evidence supports a finding that Geiger was properly put on notice of the charges and proceedings against him. Geiger was aware of the charges in the second complaint and chose not to defend them. We therefore approve the panel's recommendation that Geiger be disbarred.

Accordingly, Christopher Geiger is hereby irrevocably disbarred from the practice of law in Nevada. SCR 102(1). Geiger shall pay the costs of the disciplinary proceedings, SCR 120, and shall comply with SCR 115. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                          Hardesty

_____, J.          _____, J.
Parraguirre                                       Douglas

_____, J.          _____, J.
Cherry                                             Saitta

cc:    David A. Clark, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Christopher F. Geiger, Jr.
J. Thomas Susich, Chair, Northern Nevada Disciplinary Board
Perry Thompson, U.S. Supreme Court Admissions Office

SUPREME COURT
OF
NEVADA

(O) 1947A