IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ROBERT FRY, BAR NO. 702.

No. 66171

FILED

DEC 03 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER REJECTING CONDITIONAL PLEA AGREEMENT AND REMANDING FOR FURTHER PROCEEDINGS

This matter involves an automatic review of the Northern Nevada Disciplinary Board hearing panel's recommendation to approve attorney Robert Fry's conditional guilty plea in exchange for a stated form of discipline.[1] *See* SCR 113(1), (3); SCR 105(3)(b). Under the plea agreement, Fry admits to violations of RPC 1.8(a) (restricting business transactions between a lawyer and client), RPC 8.4(a) (misconduct: violate or attempt to violate the RPC), RPC 8.4(b) (misconduct: commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects). These violations stem from Fry's felony conviction for harboring an alien and misconduct in his role as a federal fiduciary to a disabled veteran.

The agreed-upon discipline provides that Fry will (1) be suspended from the practice of law for three years, retroactive to March

---

[1]Fry is currently temporarily suspended from the practice of law in Nevada pursuant to SCR 111. *See In re Discipline of Fry*, Docket No. 64901 (Order of Temporary Suspension and Referral to Disciplinary Board, March 27, 2014).

14-39372

27, 2014, the date of his temporary suspension; (2) refrain from serving as a fiduciary—except as a fiduciary of an attorney trust account,[2] V.A. conservator, guardian of any person or estate or personal representative throughout the course of his suspension and thereafter; and (3) pay the costs of the investigation, preparation of hearing materials, and the disciplinary hearing within six months of receipt of the bill of costs. Further, in addition to complying with SCR 116, upon petitioning for reinstatement Fry must take and successfully pass the Multistate Professional Responsibility Examination (MPRE), and comply with the conditions of probation set forth in his federal district court criminal sentence, including completion of 100 hours of community service. The disciplinary panel, after conducting a hearing on the matter, approved the conditional guilty plea agreement.

The findings and recommendations of a disciplinary hearing panel, though persuasive, are not binding on this court. *In re Discipline of Stuhff,* 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). The automatic review of a panel decision recommending a suspension is conducted de novo, requiring the exercise of independent judgment by this court. *Id., see* SCR 105(3)(b). The panel's findings must be supported by clear and convincing evidence. SCR 105(2)(f); *In re Discipline of Drakulich,* 111 Nev. 1556, 1556, 908 P.2d 709, 715 (1995).

Based on our review of the record, we agree with the recommendations that Fry refrain from serving as a fiduciary as described

---

[2]This exception was included pursuant to the agreement of the parties and the members of the hearing panel majority at the hearing held May 21, 2014.

above, pay the costs of the investigation and hearing, comply with SCR 116, take and pass the MPRE, and comply with the conditions of his probation including community service. The suspension recommendation, however, is insufficient in relation to Fry's admitted conduct. Accordingly, we reject the conditional guilty plea agreement and remand this matter to the Northern Nevada Disciplinary Board for further proceedings.[3]

It is so ORDERED.



_____, J.
Pickering

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc: David A. Clark, Bar Counsel
J. Thomas Susich, Chair, Northern Nevada Disciplinary Board
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Robert Fry
Perry Thompson, Admissions Office, United States Supreme Court

---

[3]This order constitutes our final disposition of this matter. Any further proceedings concerning Fry shall be docketed as a new matter.

HARDESTY, J., with whom, GIBBONS, C.J. and PARRAGUIRRE, J., agree, dissenting:

I would approve the panel's recommendation to approve attorney Robert Fry's conditional guilty plea in exchange for a stated form of discipline.

_____, J.
Hardesty

We concur:

_____, C.J.
Gibbons

_____ J.
Parraguirre