An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JUDITH H. BRAECKLEIN, BAR NO. 3322.

No. 66866

**FILED**

SEP 2 9 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation for attorney discipline, based on its finding that attorney Judith H. Braecklein violated several rules of professional conduct.

The allegations of misconduct arose after the State Bar received notification that two checks, written by Braecklein from her IOLTA client trust account, were returned for insufficient funds and Braecklein failed to timely respond to the State Bar's inquiries regarding the overdraft. The panel found by clear and convincing evidence that Braecklein violated RPC 1.15 (safekeeping property) (2 violations), RPC 8.1 (bar admission and disciplinary matters) (1 violation), and RPC 8.4 (misconduct) (2 violations). The panel found the following aggravating factors: (1) prior disciplinary offenses; (2) a pattern of misconduct; (3) multiple offenses; (4) bad faith obstruction of the disciplinary proceeding; and (5) substantial experience in the practice of law. The panel found that Braecklein's remorse was a mitigating factor. The panel recommended

15-29909

that Braecklein be suspended from the practice of law for six months and one day and, as a condition of reinstatement, that Braecklein be required to retake the MPRE and attend at least 3 hours of CLE specifically relating to the handling of IOLTA trust accounts. Finally, the panel recommended that Braecklein be required to pay the costs associated with the proceedings, pursuant to SCR 120.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo, SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992), and therefore we "must examine the record anew and exercise independent judgment," *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). Although we are not bound by the disciplinary panel's recommendations, those recommendations are persuasive. *Id.* The State Bar has the burden of showing by clear and convincing evidence that Braecklein committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). In determining the appropriate discipline, this court considers four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077-78 (2008).

While we conclude that clear and convincing evidence supports the panel's findings of misconduct, we do not agree that the panel's recommended discipline is commensurate with the misconduct committed. Accordingly, we hereby suspend Judith Braecklein from the

practice of law for one year commencing from the date of this order. We further approve the reinstatement conditions recommended by the hearing panel with the added condition that restitution, if any, be paid in full. Finally, Braecklein shall pay the costs associated with the disciplinary proceedings within 30 days from her receipt of the State Bar's bill of costs, *see* SCR 120, and shall comply with SCR 115 and SCR 116. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                           Douglas

_____, J.          _____, J.
Cherry                                Saitta

_____, J.          _____, J.
Gibbons                               Pickering

cc:   Chair, Southern Nevada Disciplinary Board
      Judith H. Braecklein
      Bar Counsel, State Bar of Nevada
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Officer, U.S. Supreme Court