An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JEFFREY BRIGGS, BAR NO. 5884.

No. 65741

**FILED**

SEP 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review, pursuant to SCR 105(3)(b), of a Northern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendations for attorney discipline, arising from attorney Jeffrey Briggs' representation of a client while suspended from practice (count 1) and his handling of a matter involving another client (count 2).

The panel found that Briggs violated RPC 5.5 (unauthorized practice of law), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4(d) (misconduct: engaging in conduct that is prejudicial to the administration of justice). Based on these violations, the panel recommended that Briggs be suspended from the practice of law for six months and one day but that the suspension be stayed until June 30, 2017, provided that Briggs complies with the following conditions: (1) that he undertake reasonable efforts to make restitution of $3,500 to the client in count 1 as quickly as possible; (2) that he refrain from acting as a solo practitioner until restitution to the client in count 1 is paid in full; (3) that, from July 1, 2014, until June 30, 2017, he report in writing to the State Bar of Nevada on or before the first day of each calendar quarter, stating: his current place of employment, the status of his restitution to the client in count 2, and his health status; and (4) that he pay the State Bar of

SUPREME COURT
OF
NEVADA

(O) 1947A

15-29495

Nevada reasonable costs associated with his quarterly written report submission, if any. Finally, the panel recommended that Briggs be required to pay the costs associated with the January 7, 2014, proceedings pursuant to SCR 120.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). "Although the recommendations of the disciplinary panel are persuasive, this court is not bound by the panel's findings and recommendation, and must examine the record anew and exercise independent judgment." *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). The State Bar has the burden of showing by clear and convincing evidence that Briggs committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

After reviewing the record, we conclude that clear and convincing evidence supports the panel's findings that Briggs violated RPC 5.5 and RPC 8.1. However, we conclude that the panel's finding that he violated RPC 8.4 is not supported by clear and convincing evidence. We further conclude that the panel's recommended discipline is appropriate considering the aggravating factors (a pattern of misconduct, an appearance of indifference to restitution, Briggs' years of experience in the practice of law, and an appearance of bad faith and/or obstructionist intent because of Briggs' intentional failures that led to the complaints to the State Bar) and the mitigating factors (no prior discipline, evidence of emotional/personal issues occurring during the time of the misconduct, evidence of Briggs' rehabilitative potential, evidence of progression in his rehabilitation, and that he is currently abiding by the Rules of

Professional Conduct) identified by the panel. *See* SCR 102.2. We further agree with the recommended conditions of probation with the exception that Briggs shall pay the restitution amount to the client in count 1 by December 31, 2015.

Accordingly, we suspend Briggs from the practice of law for six months and one day. The suspension shall be stayed until June 30, 2017, provided that Briggs fully complies with the conditions set forth by the panel, as described and modified above. If Briggs has complied with those conditions by June 30, 2017, the suspension shall be vacated. Briggs shall pay the costs associated with the January 7, 2014, hearing within 30 days of receipt of the State Bar's bill of costs. *See* SCR 120(1). Briggs and the State Bar shall comply with the applicable provisions of SCR 121.1 and if necessary SCR 115 and 116.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

 

SAITTA, J., dissenting:

I dissent because the stayed suspension is insufficient in relation to Briggs' conduct.

_____, J.
Saitta

cc:     Chair, Northern Nevada Disciplinary Panel
        Bar Counsel, State Bar of Nevada
        Lemons, Grundy & Eisenberg
        King & Russo, Ltd.
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, United States Supreme Court