An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF WILLIAM MICHAEL O'MARA, BAR NO. 837.

No. 67908

**FILED**

NOV 10 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings that Attorney William Michael O'Mara violated multiple Rules of Professional Conduct and its recommendation of discipline.[1]

The allegations of misconduct arose from O'Mara's representation of a client in drafting the client's will. After the client's death, a relative became suspicious of a bequest in the will to Maureen Lidster and came to believe that the Maureen Lidster named in the will was O'Mara's wife, whose maiden name was Maureen Lidster. The relative challenged O'Mara's appointment as special administrator of the client's estate. Evidence uncovered during that endeavor showed that the Maureen Lidster named as a beneficiary in the will was O'Mara's wife. O'Mara made misrepresentations in court proceedings, a deposition, and

---

[1]The Honorable Stefany Ann Miley, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of the Honorable Michael Cherry, Justice, who voluntarily recused himself from participation in the decision of this matter. Nev. Const. art. 6, § 4.

15-34324

he formal hearing about the true identity of Maureen Lidster, and he denied that the Maureen Lidster named in the will was his wife in a letter to the State Bar. The State Bar filed a complaint alleging violations of the following rules of professional conduct: RPC 1.8(c) (conflict of interest: current clients: specific rules), RPC 3.3 (candor towards the tribunal), RPC 4.1 (truthfulness in statements to others), RPC 8.1(a) (bar admission and disciplinary matters), and RPC 8.4 (misconduct). The panel found that the violations alleged in the complaint were proven by clear and convincing evidence. The panel found the following aggravating factors: (1) dishonest or selfish motive; (2) submission of false evidence; false statements; or other deceptive practices during the disciplinary hearing; (3) refusal to acknowledge the wrongful nature of the conduct; and (4) substantial experience in the practice of law. The panel found that O'Mara's lack of prior disciplinary history and character and reputation were mitigating factors. Further, the panel recommended that O'Mara be suspended from the practice of law for six months and pay the costs of the disciplinary proceeding.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). "Although the recommendations of the disciplinary panel are persuasive, this court is not bound by the panel's findings and recommendation, and must examine the record anew and exercise independent judgment." *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). The State Bar has the burden of showing by clear and convincing evidence that O'Mara committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

While we conclude that clear and convincing evidence supports the panel's findings of misconduct, we do not agree that the panel's recommended discipline is commensurate with the misconduct committed. Therefore, we hereby suspend William Michael O'Mara from the practice of law for one year. O'Mara shall pay the costs associated with the disciplinary proceedings within 30 days from his receipt of the State Bar's bill of costs, *see* SCR 120, and shall comply with SCR 115 and SCR 116. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Pickering

_____, D.J.
Miley

SAITTA, J., concurring in part and dissenting in part:

I write separately to express my deep concern about the conduct in this case. Although I support the majority in its rejection of the recommended discipline, I do not believe that one year is an adequate period of suspension for such troubling behavior.

I first note that the reputation and character, as well as the lack of prior disciplinary proceedings, are significant considerations and, in fact, are properly noted as mitigating evidence in this matter. I do not take issue with this evidence. A longtime, well-respected member of the bar is entitled to such deference.

However, this case presents not only a dishonest and self-serving motive in the first instance where Mr. O'Mara drafted a will in

which personal financial gain seems to be the intent, but that act is then compounded by repeated false and misleading representations in court proceedings, a deposition, and a formal hearing occasioned by such misrepresentations. Finally, in a letter to the State Bar, Mr. O'Mara continued to deny the true facts and the identity of the beneficiary.

The ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 5.11 and 5.12 (2015 5th ed.), discusses the types of conduct that warrant serious discipline. These include intentional interference with the administration of justice, false swearing, misrepresentation, or fraud. Each of these factors is present in this matter.

I struggle to write separately and to point out the evidence discussed above, yet it is the factual foundation upon which this discipline proceeding rests. There is no dispute that this evidence was supported by clear and convincing evidence in the State Bar proceeding. Therefore, I cannot support a one-year suspension in light of such conduct.

_____, J.
Saitta

HARDESTY, C.J., and GIBBONS, JJ., dissenting:

Taking into consideration the mitigating factors, we agree with the disciplinary panel that a six-month suspension is sufficient. We therefore dissent.

_____, C.J.
Hardesty

_____, J.
Gibbons

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Chair, Southern Nevada Disciplinary Board
William B. Terry, Chartered
Stan Hunterton, Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court