**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
RAMON L. DY-RAGOS, BAR NO. 10343.

No. 68670

FILED

DEC 02 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Ramon L. Dy-Ragos be suspended from the practice of law based on violations of RPC 5.3 (responsibilities regarding nonlawyer assistants), RPC 5.5 (unauthorized practice of law), and RPC 8.1(a) (bar admission and disciplinary matters). The violations involve Dy-Ragos' failure to supervise a paralegal, permitting a paralegal to engage in the unauthorized practice of law, and failure to respond to the State Bar's inquiries regarding the grievance filed against him.[1]

---

[1]This court temporarily suspended Dy-Ragos from the practice of law on January 25, 2013, following his gross misdemeanor conviction for conspiracy to commit disorderly conduct, wherein he falsely promoted his company, misrepresented services to his clients, and conspired with two other individuals. *In re Discipline of Ramon Dy-Ragos,* Docket No. 62094 (Order of Temporary Suspension and Referral to Disciplinary Board, January 25, 2013). Subsequently, Dy-Ragos entered a conditional guilty plea to multiple violations of the RPC related to the criminal conviction and bar complaints filed in 2011, and this court approved a one-year suspension retroactive to the date of the temporary suspension. *In re Discipline of Ramon Dy-Ragos,* Docket No. 63884 (Order Approving Conditional Guilty Plea Agreement, April 4, 2014). In the prior proceeding, this court also placed conditions on any reinstatement, including that Dy-Ragos must become current with the CLE requirements for which he had been placed on administrative suspension in December

*continued on next page . . .*

15-36742

Our review of the disciplinary panel's findings and recommendations is de novo. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992).[2] We therefore "must examine the record anew and exercise independent judgment," but the disciplinary panel's recommendations nonetheless are persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). Generally, the State Bar has the burden of showing by clear and convincing evidence that an attorney committed the violations charged, *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995), but where, as here, the attorney fails to respond to a complaint, "the charges shall be deemed admitted," SCR 105(2). Thus, the only issue before us is the appropriate level of discipline. Dy-Ragos did not file an opening brief; therefore, this appeal stands submitted for decision on the record. SCR 105(3)(b).

In determining the appropriate discipline, this court has considered four factors to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re*

---

*. . . continued*

2012. It appears that Dy-Ragos has not resolved the prior CLE suspension or petitioned for reinstatement. The conduct at issue in this case occurred in 2012 and 2013; the formal complaint was filed in 2015. Some of the violations in this case are similar to those in the prior disciplinary proceeding, in particular violations of RPC 5.3 (responsibilities regarding nonlawyer assistants).

[2]SCR 105(3)(b) has been amended to give deference to a disciplinary panel's factual findings, but that amendment does not apply to this case. *See In re Amendments to Court Rules Regarding Attorney Discipline, Specifically, SCR 105*, ADKT 0505 (Order Amending Supreme Court Rule 105, November 5, 2015) (providing that amendment is "effective 30 days from the date of this order").

*Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). The purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

The disciplinary panel recommends that Dy-Ragos: (1) be suspended from the practice of law for seven months, (2) be required to retake and pass the Multistate Professional Responsibility Examination (MPRE), (3) be subject to the same terms and conditions on reinstatement as set forth in the prior disciplinary order entered by this court on April 4, 2014, and (4) pay the costs of this disciplinary proceeding (excluding bar counsel and staff salaries). The decision does not specify a start date for the suspension.

A period of suspension is appropriate considering the duties violated, the injury to the client, the fact that a formal complaint had been filed against Dy-Ragos alleging violations of RPC 5.3 (responsibilities regarding nonlawyer assistants) before the conduct at issue in this complaint, and the aggravating circumstances (bad faith obstruction of the disciplinary proceeding, refusal to acknowledge the wrongful nature of the conduct, and indifference to making restitution). *Compare* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (2015) ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client . . . ."), *with id.* Standard 7.1 ("Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious

injury to a client, the public or the legal system."). We agree with the panel that a seven-month suspension is sufficient.

We hereby suspend attorney Ramon Dy-Ragos for seven months commencing from the date of this order. The conditions previously imposed on his reinstatement in Docket No. 63884 remain in effect, with the added condition that Dy-Ragos take and pass the MPRE. Dy-Ragos shall also pay the costs of the disciplinary proceeding (excluding bar counsel and staff salaries) within 30 days from receipt of the State Bar's bill of fees and costs. The parties shall comply with the applicable provisions of SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                    Douglas

_____, J.          _____, J.
Cherry                         Saitta

_____, J.          _____, J.
Gibbons                        Pickering

cc:     Chair, Southern Nevada Disciplinary Board
        Ramon Dy-Ragos
        Stan Hunterton, Bar Counsel, State Bar of Nevada
        Kimberly Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court