An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BRIAN JONES, BAR NO. 9597.

No. 68671

FILED

DEC 2 8 2015



## *ORDER OF DISBARMENT*

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Brian Jones be suspended from the practice of law in Nevada for five years based on violations of RPC 1.1 (competence), RPC 1.6 (confidentiality of information), RPC 1.7 (conflict of interest: current clients), RPC 1.13 (organization as client), RPC 1.15 (safekeeping property), RPC 4.1 (truthfulness in statements to others), RPC 4.3 (dealing with unrepresented persons), RPC 7.1 (communications concerning lawyer's services), RPC 8.1 (bar admission and disciplinary matters), RPC 8.4(b) (misconduct—criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer). The panel further recommends that Jones be required to pay the costs of the disciplinary proceedings and that, in addition to the requirements set forth in SCR 116, he be required to successfully complete the Multistate

15-39689

Professional Responsibility Exam (MPRE) as a condition of reinstatement.[1]

The sole issue in this appeal is the appropriate discipline. This court's review is de novo.[2] SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). The purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). In determining the appropriate discipline, this court has considered four factors to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

The violations here are primarily related to Jones' felony conviction in U.S. District Court, pursuant to a guilty plea, of conspiracy to commit wire and mail fraud, a violation of 18 U.S.C. § 1349, and the

---

[1]No opening brief has been filed. This matter therefore stands submitted for decision based on the record. SCR 105(3)(b).

[2]SCR 105(3)(b) has been amended to give deference to the panel's findings of fact. *See In re Amendments to Court Rules Regarding Attorney Discipline, Specifically, SCR 105*, ADKT 0505 (Order Amending Supreme Court Rule 105, November 5, 2015) (providing that amendment is "effective 30 days from the date of this order"). Even if applied to this case, this change has no effect as the facts are not disputed—Jones failed to answer the complaint and therefore the charges are deemed admitted, SCR 105(2), and Jones also admitted the charges during the formal hearing.

SUPREME COURT
OF
NEVADA

(O) 1947A

conduct related to that conviction.[3] In particular, the coconspirators hired Jones to be a special election master overseeing elections for the board of directors at two homeowners' associations (HOAs). Soon thereafter, Jones met with a representative from the Nevada Real Estate Division's Ombudsman's Office, who explained the election process and the role of a special election master. As a result, Jones knew that, in that role, his primary responsibility would be to safeguard the integrity of the election process. He did not disclose his law firm's relationship with the coconspirators and later knowingly violated his primary role as special election master by giving those individuals access to the homeowners' ballots, thereby enabling them to learn the election results and to substitute ballots altering the election results. Absent mitigating factors, disbarment is appropriate in cases where, as here, an attorney has engaged in "serious criminal conduct" that includes as a necessary element misrepresentation or fraud. ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.11(a) (2015).

We turn then to the mitigating factors that the hearing panel determined warrant suspension rather than disbarment. In particular, the hearing panel focused on Jones' lack of experience in the practice of law at the time of the misconduct, his cooperation, his remorse, and testimony indicating that his criminal conduct was more the result of

---

[3]This court temporarily suspended Jones from the practice of law pursuant to SCR 111 and referred him for disciplinary proceedings in July 2014. *In re Discipline of Brian M. Jones*, Docket No. 65817 (Order of Temporary Suspension and Referral to Disciplinary Board, July 30, 2014).

recklessness or negligence than intent. Even considering those mitigating circumstances, we are convinced that based on the duties violated and the actual injury caused by Jones' misconduct, disbarment is necessary to protect the public, the courts, and the legal profession.

We hereby disbar attorney Brian Jones from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Jones shall pay the costs of the disciplinary proceeding within 30 days from the date of this order. *See* SCR 120(1). The parties shall comply with the relevant provisions of SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

PARRAGUIRRE, CHERRY, and GIBBONS, JJ., dissenting:

After considering the ABA Standards, the mitigating circumstances, the level of Jones' involvement and his recklessness or negligence rather than intent, the hearing panel recommended a five-year suspension and conditions on reinstatement. In this case, we are

persuaded by the hearing panel's evaluation of the mitigating circumstances and its unanimous recommendation. *See In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001) (observing that although review is de novo, a hearing panel's recommendation is persuasive). The lengthy suspension along with the requirements for Jones to be reinstated following the suspension, which mandate that he demonstrate the "moral qualifications, competency, and learning in law required for admission to practice law in this state," SCR 116(2), and that he successfully complete the examination for admission to practice, SCR 116(5), are more than sufficient to protect the public and the integrity of the profession. We therefore dissent.

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

cc: Chair, Southern Nevada Disciplinary Board
Brian M. Jones
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Holley, Driggs, Walch, Fine Wray Puzey & Thompson/Las Vegas
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court