IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF REINSTATEMENT OF LAWRENCE J. SEMENZA, II, BAR NO. 789.

No. 71002

FILED

OCT 21 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REINSTATEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that suspended attorney Lawrence J. Semenza, II's petition for reinstatement be granted.[1]

On November 6, 2015, this court suspended Semenza from the practice of law for one year based on his conditional guilty plea to a violation of RPC 8.4(b) (misconduct: criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects) related to his convictions in federal court on three misdemeanor counts of willful failure to file a tax return. *In the Matter of Discipline of Lawrence J. Semenza, II, Bar No. 789*, Docket No. 68201 (Order Approving Conditional Guilty Plea Agreement, November 6, 2015). The suspension

---

[1]Semenza submits the matter to the court based on the record, and we accordingly review this matter without briefing or oral argument. *See* SCR 116(2).

16-33050

was retroactive to March 27, 2015, the date that Semenza was temporarily suspended from the practice of law.

After serving the one-year suspension, Semenza filed a petition for reinstatement. At a formal hearing before a panel of the Southern Nevada Disciplinary Board, Semenza testified and took responsibility for his wrongdoing, discussed how he would comply with future tax obligations and improve his management of his finances, and discussed his plans for practice should he be reinstated. Evidence of Semenza's reputation, standing in the community, and likelihood of recidivism was introduced.

In its August 5, 2016, findings of fact, conclusions of law, and recommendation, the hearing panel unanimously found that Semenza demonstrated by "clear and convincing evidence that he has the moral qualifications, competency, and learning in law required for admission to practice law in this state, and that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest." *See* SCR 116(2). The panel recommended that Semenza be reinstated subject to the following conditions: (1) that reinstatement occur once Semenza is under home confinement or supervised release from his federal prison sentence, which is when he will be allowed to engage in contracts by his federal supervisory officer; (2) that reinstatement is subject to compliance with these conditions; (3) that Semenza pay the cost of the reinstatement proceedings within 30 days after receiving notice of such costs from the State Bar of Nevada; (4) that Semenza take and pass the Multistate Professional Responsibility Examination (MPRE) within one year of

reinstatement; (5) that Semenza submit evidence of the accounting software program that he will use to track his financial records to the State Bar within 30 days of reinstatement; (6) that Semenza submit quarterly financial statements, indicating the estimated tax payments made, to the State Bar for two years commencing from the date of reinstatement; (7) that Semenza pay any costs associated with and have a mentor, acceptable to the State Bar, to check Semenza's financial records and ensure that his accounting is up-to-date for two years commencing from the date of reinstatement; (8) that Semenza complete a minimum of nine hours of Continuing Legal Education credit hours annually for three years commencing from the date of reinstatement, that these hours be in office management, bookkeeping, accounting, and/or the business aspect of law practice with a focus on accounting, and that these courses are acceptable to the State Bar.

Having reviewed the record, we agree that Semenza met his burden of showing by clear and convincing evidence that he should be reinstated. *See* SCR 116(2) (providing that in order to be reinstated, an attorney must show by clear and convincing evidence that he or she has the competency, learning, and moral qualification to be admitted to practice law, "and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest"); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992) (reviewing disciplinary panel's recommendations de novo). Accordingly, Lawrence J. Semenza, II, is hereby reinstated to the practice of law, subject to the conditions set forth above. Semenza must submit his MPRE results to the State Bar to

verify his passage, and Semenza's mentor must submit quarterly reports to the State Bar including discussion of any issues of concern.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chair, Southern Nevada Disciplinary Board
Leland E. Lutfy
Stan Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, U.S. Supreme Court Admissions Office