# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF MICHELLE BUMGARNER, BAR NO. 10525.

No. 70426

**FILED**

OCT 21 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT AND REMANDING FOR FURTHER PROCEEDINGS

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a modified conditional guilty plea agreement in exchange for a stated form of discipline for attorney Michelle Bumgarner.

The record before this court indicates that Bumgarner represented Reno Cab Company (RCC) in a wrongful death lawsuit filed against RCC and the driver of the cab, Richard Warne. She informed both RCC and Warne that it would be a conflict of interest for her to represent them both but did not obtain a waiver from either party. She advised Warne that she could not represent him, but she assisted him in filling out, filing, and serving a form answer. As a result of suffering from medical issues, Bumgarner was forced to obtain an extension of time to file RCC's discovery responses and so she also obtained an extension of time for Warne to file his discovery responses. She then drafted and served Warne's discovery responses for him. Finally, on the day of Warne's deposition, Bumgarner clarified that she was not his attorney. At a later evidentiary hearing regarding the conflict of interest, Warne testified that

SUPREME COURT
OF
NEVADA

(O) 1947A

16-33058

he did not realize that Bumgarner was not his attorney until the day of his deposition and that she had drafted a discovery response regarding his status as an independent contractor that was contrary to his belief that he was RCC's employee. Bumgarner was disqualified from representing RCC in the action and ordered to pay Warne's attorney fees incurred as a result of the evidentiary hearing.

Bumgarner accepted a conditional guilty plea in exchange for a stated form of discipline that would have imposed a six-month-and-one-day suspension. The panel concluded that Bumgarner violated RPC 1.1 (competence), RPC 4.3 (dealing with an unrepresented person), and RPC 8.4(d) (misconduct – prejudicial to the administration of justice). The panel found two aggravating circumstances including that Bumgarner's motive in assisting Warne was to ultimately serve RCC's interest and Warne was vulnerable to her influence. SCR 102.5(1). The panel found, however, three mitigating factors: (1) Bumgarner had no prior discipline, (2) she was in the midst of a complicated pregnancy and prematurely delivered her child when she engaged in the misconduct regarding Warne's discovery responses, and (3) she had been penalized as a result of her misconduct as she was ordered to pay $2,500 in attorney fees and lost RCC as a regular client. SCR 102.5(2). Because this was Bumgarner's first offense and because a six-month-and-one-day suspension would result in a longer suspension period, since she would be required to petition for reinstatement, the panel modified the conditional guilty plea agreement and recommended Bumgarner be suspended for six months and pay the costs of the bar proceedings in the amount of $500 plus the actual costs of the transcript of the proceeding and all certified mailings.

Based on our review of the record, we conclude that a six-month suspension is excessive and unnecessary. SCR 113(1); *see also In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992) (explaining that while this court grants deference to the panel's findings of fact, the automatic review of a panel's decision recommending a suspension is conducted de novo). The mitigating factors weigh strongly in favor of a lesser form of discipline, especially considering that this was Bumgarner's first offense, she was dealing with medical issues at the time she assisted Warne with his discovery, she was already ordered to pay $2,500 in attorney fees, and she lost RCC as a client. Thus, we conclude that a public reprimand would be sufficient to serve the purpose of attorney discipline. *See In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077-78 (2008) (setting forth factors to be considered); *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). Accordingly, we reject the modified conditional guilty plea agreement and remand this matter to the Northern Nevada Disciplinary Board for further proceedings.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Gibbons

_____, J.
Pickering

DOUGLAS, J., with whom, CHERRY, J., agrees, dissenting:

I respectfully dissent. The panel carefully considered this matter and recommended a suspension. Bumgarner accepted a

SUPREME COURT
OF
NEVADA

(O) 1947A

conditional guilty plea in exchange for a stated form of discipline that would have imposed a six-month-and-one-day suspension. The panel concluded that Bumgarner violated RPC 1.1 (competence), RPC 4.3 (dealing with an unrepresented person), and RPC 8.4(d) (misconduct – prejudicial to the administration of justice). The panel found two aggravating circumstances including that Bumgarner's motive in assisting Warne was to ultimately serve RCC's interest and Warne was vulnerable to her influence. SCR 102.5(1). The panel found, however, three mitigating factors: (1) Bumgarner had no prior discipline, (2) she was in the midst of a complicated pregnancy and prematurely delivered her child when she engaged in the misconduct regarding Warne's discovery responses, and (3) she had been penalized as a result of her misconduct as she was ordered to pay $2,500 in attorney fees and lost RCC as a regular client. SCR 102.5(2). Because Bumgarner consented to the discipline, I would accept the modified conditional guilty plea agreement and suspend Bumgarner for six months.

_____, J.
Douglas

I concur:

_____, J.
Cherry

cc:    Chair, Northern Nevada Disciplinary Board
       Michelle R. Bumgarner
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court